## McClain v. McClain and Davenport.

1. **Deed**: DELIVERY IN BLANK. A deed executed with a blank for the name of the grantee, and delivered with authority to fill the blank, becomes a valid conveyance by the insertion of the name of a grantee. Facts considered which were held to authorize the filling of such blank after the lapse of nine years from the date of the delivery of the deed.

2. ——: ——: PURCHASER WITHOUT NOTICE. Such deed will not, however, be valid as against the title of one who purchased from the grantor, without notice, before it was filed for record.

3. **Costs**: PARTITION: ATTORNEY'S FEES. In an action which is essentially one to determine the title to land, though in form an action for partition, and where the defense is not frivolous, the fees of plaintiff's attorney cannot properly be taxed as a part of the costs, and apportioned as provided in section 3297 of the Code.

*Appeal from Polk Circuit Court.*

MONDAY, OCTOBER 27.

ACTION in equity to obtain partition of real estate. The court in substance granted the relief asked as to the defendant Thos. A. McClain, and the latter appeals. The relief asked as to Davenport was refused, and the court refused to allow, as a part of the taxable costs, a reasonable compensation for plaintiff's attorneys. From these portions of the decree the plaintiff appeals.

*Bowen & Leavens*, for appellant.

*Phillips, Goode & Phillips*, for appellee.

SEEVERS, J.—The defendant and J. D. McClain are brothers and the plaintiff is the latter's son. Previous to 1858 the defendant and J. D. McClain jointly owned certain real estate. A preponderance of the evidence shows that the interest of each was an undivided one-half. In that year J. D. McClain executed and delivered, as we think the evidence shows, a deed conveying his interest in such premises to the defendant. In this conveyance the wife of J. D. McClain did not join. He was at said time addicted to an ex-

cessive use of intoxicating liquors, and the plaintiff claims the deed was executed without consideration, and at the request of the plaintiff's mother and wife of J. D. McClain, to prevent the latter from squandering the property conveyed, and with the purpose of preserving it for her children. On the other hand the defendant claims he purchased the premises and paid a valuable consideration therefor.

The preponderance of the evidence is with the plaintiff. The fact that the deed was not executed by Mrs. McClain, and that she was not requested to execute it, together with the fact the homestead was not included in the conveyance, tends to support the theory of the plaintiff.

Coupled with the foregoing is the further fact that there was no change in the possession, or account rendered by J. D. McClain to the defendant of the rents and profits, nor claim made therefor by the latter, which, together with the acts, conduct and declarations of the defendant constitutes a decided preponderance of evidence in favor of the plaintiff and the theory advanced by him.

Mrs. J. D. McClain died in 1860, and the defendant claims that during her last sickness he promised her he would take care of and provide for her children. In 1864 the defendant, having in contemplation a trip to the mountains, the duration of which was uncertain, and as he claims in fulfilment of his promise, executed a deed conveying the undivided one-half of certain lands, and delivered the same to J. D. McClain, with directions and authority, if the defendant never returned, to fill up a blank left in said deed for the grantee, with the names of Mrs. McClain's children. The deed, according to the evidence of the defendant, was full and complete in all its parts, except a blank was left for the names of the grantees, and the blank for the consideration was unfilled.

The plaintiff claims the deed was full and perfect except a blank for the name of the grantee, and this J. D. McClain was fully empowered to fill with the name of any person he saw proper, and that in pursuance of such authority the plaintiff's name was written in said blank, and thereunder he claims partition of the premises.

The defendant returned from the mountains in 1866, and the plaintiff's name was not written in the deed as grantee until 1873.

Previous to this the deed had by some means been torn, and was greatly mutilated, as the plaintiff claims by accident, but the defendant claims it was purposely mutilated with intent to destroy it. The original deed is now before us, and if there was no evidence besides the deed it would be difficult, if not impossible, to determine which theory was correct. If the object was to destroy the deed so it could not become a valid conveyance, it is difficult to see why it was not more effectually accomplished. The preservation of the different parts is inconsistent with such theory. The defendant saw the deed after it was torn, had it in his hands and read it, talked about it, a fire being near, and yet the deed in its mutilated condition was preserved. On this question the decided preponderance of the evidence is with the plaintiff.

The defendant testifies the deed he saw was torn differently from the one introduced in evidence, but he admits he never executed but one deed, and that the one he saw was such deed. He must, therefore, be mistaken as to the manner it was torn. As to the identity of the deed executed by the defendant there can be no doubt. It is the same one introduced in evidence, and now before us. From an inspection of it we feel satisfied the only blank therein at the time it was signed by the defendant was the one left for the name of the grantee. The evidence of Mr. Napier and others satisfies us, the defendant did not own or claim to own but an undivided one-half of the premises in controversy, and the decided preponderance of the evidence is that the deed was executed for the purpose of enabling J. D. McClain, by the insertion of the name of a grantee, to vest the legal title to the other undivided half in whoever he saw proper. In this there was nothing unreasonable, because the said J. D. McClain was the equitable owner of the undivided half of said real estate.

The blank in the deed having been filled with the name of the plaintiff as grantee, the conveyance vested in him the legal title. This was held in *Swartz v. Ballou,* 47 Iowa, 188. With

the reasons there given and authorities cited in support thereof we are content.

The only circumstance which has a tendency to cause a doubt whether the deed should have such effect is the length of time which elapsed between the execution and delivery, and the insertion of plaintiff's name as grantee. This in the absence of any explanation would be a formidable objection. But it sufficiently appears the deed was mislaid for a time, and when found it had been torn and mutilated, and whether it would operate as a valid conveyance if the name of a grantee was inserted was doubted by J. D. McClain, because of the mutilated condition of the deed. During this lapse of time, or a portion of it, J. D. McClain was endeavoring, as he testifies, to get the defendant to execute another deed. Knowing these things the defendant took no steps to revoke the deed or authority given, nor would he execute another conveyance. The probabilities being that he, too, thought the mutilated deed could never be made available as a valid conveyance, and that he could not be compelled to do what he in good conscience should cheerfully have done. We, therefore, think the judgment below on the defendant's appeal must be affirmed.

II. Davenport purchased of the defendant Thos. A. Mc-Clain a portion of the lands described in the mutilated deed

2. ——: ——. without any knowledge of such deed, or of plaintiff's rights. It is sufficient to say that Davenport, in our opinion, should be regarded as a good faith purchaser. Whatever rights the plaintiff or J. D. McClain may have had, they were as to Davenport lost by their own laches. *McComber v. Peck*, 39 Iowa, 351.

*2. purchaser without notice.*

III. It is provided by statute that "All the costs of the proceedings in the partition shall be paid in the first instance by the plaintiffs, but eventually by all the parties in proportion to their interests, except those costs which are created by contests above provided for." Code, § 3297. While in form this is an action for the partition, yet it is essentially an action to determine the title, which was in dispute. We do not think in such a case the fees of the plaintiff's attorneys should be taxed as a part of the costs. The de-

*3. costs: partition: attorney's fee.*

fense was not frivolous or made without reasonable grounds of its being successful. The result is there must be an affirmance on the plaintiff's appeal.

AFFIRMED.