76   529
e108 277

McCLEERY v. WAKEFIELD *et al.*

1. **Conveyance:** GRANTEE'S NAME BLANK : SUBSEQUENT INSERTION : INNOCENT PURCHASER. Plaintiff sold land to defendant and executed a deed therefor and delivered it to defendant, but by agreement the name of the grantee was left blank, in order that defendant might insert the name of the person to whom he might sell it. A few days afterwards defendant inserted T.'s name in the deed and delivered it to T. as security for a debt. Afterwards he paid the debt, took up the deed, erased T.'s name and inserted C.'s and delivered the deed to C. in consideration of his relinquishing his security for a debt which defendant owed him. Defendant had not done what he had agreed to do in consideration of the conveyance of the land by plaintiff, but C. had no notice of such failure until after he had taken the deed and surrendered the security. *Held* that his title was good as against plaintiff's claim that the deed should be set aside on account of defendant's failure to perform his part of the contract.

McCleery v. Wakefield.

**2. Real Estate : POSSESSION : NOTICE OF INTEREST.** A purchaser of real estate is bound to take notice of the right under which one in possession claims, but not of rights on which such possession is not based. So, · where plaintiff conveyed land to defendant, but reserved the right of possession for a time, and within that time defendant sold it to C., plaintiff's possession did not charge C. with notice of equities growing out of defendant's failure to perform his agreements in payment for the land.

*Appeal from Monona District Court.*—HON. CHARLES H. LEWIS, Judge.

FILED, JANUARY 18, 1889.

THIS is an action in equity to cancel a conveyance of real estate, and quiet in plaintiff the title thereto. The district court entered judgment in accordance with the prayer of the petition. Defendant Cooper appeals.

·*Joy, Wright & Hudson* and *T. B. Lutz*, for appellant.

*McMillen & Kindall* and *J. E. Selleck*, for appellee.

REED, C. J.—Plaintiff and defendant Wakefield entered into a contract for the sale by the former to the latter of the real estate in question, it being a

**1. CONVEYANCE: grantee's name blank: subsequent insertion: innocent purchaser.** farm of two hundred acres in Monona county. By the terms of the agreement Wakefield assumed an indebtedness of fourteen hundred dollars, which was secured by a mortgage on the premises. He also agreed to convey to plaintiff three hundred and twenty acres of land in Woodbury county, and to pay him seventeen hundred dollars in three payments, which he was to secure by a deposit of collaterals. At the time of the transaction plaintiff and his wife executed a deed of the premises, which they acknowledged before Wakefield, who was a notary public. No person was named in the deed as grantee, the agreement being that Wakefield should fill the blank by inserting the name · of the person to whom he might sell the place. At that time Wakefield was indebted

to Charles Tabor in the sum of seventeen hundred dollars, and, being unable to pay the amount on the day it was due, he inserted Tabor's name in the deed and delivered it to him as a security. In a few days, however, he paid the indebtedness, and Tabor delivered the deed to him. He then erased Tabor's name and inserted that of defendant Henry Cooper, and delivered the deed to him The transaction between him and Cooper will be more fully noticed hereafter. On the day of the transaction he delivered to plaintiff three notes of one L. L. Scott, amounting to seventeen hundred dollars, which were secured by a second mortgage on real estate; and some days afterwards, plaintiff being dissatisfied with the security, he gave him a bond, by which he undertook to convey to him an additional eighty acres of land, the object of the transaction being to give plaintiff additional security for the seventeen hundred dollars. At the time of the transaction he also gave him a bond binding himself to convey the Woodbury county land on the first of March, 1885, at which time plaintiff was to surrender possession of the premises in question. He held title-bonds for the Woodbury county land, and the purchase price had not all been paid at that time. These facts were known to plaintiff when he entered into the contract, and it was the understanding that Wakefield should pay the balance due on the land, and obtain a conveyance before the time agreed upon for the execution of the deed to plaintiff. Wakefield, however, had deposited the title-bonds with a bank as collateral security for a debt he was owing it; and sometime after the transaction with plaintiff, by an arrangement between him and the bank and Cooper, the latter assumed the indebtedness to the bank and the bonds were transferred to him as collateral security. Wakefield was indebted to him at the time in a considerable sum, and the principle object he had in view was to obtain security for that debt; the value of the collaterals being in excess of the debt to the bank assumed by him. Wakefield also held a title-bond for the eighty acres which he undertook to convey to plaintiff as

additional security, and that bond was transferred to Cooper in the same transaction. Cooper subsequently either sold the bonds or paid the money due thereon, and obtained conveyances of the property, and has disposed of it ; so that Wakefield is not now able to perform his undertaking to convey to plaintiff. Neither has he paid the mortgage on the farm, or any part of the seventeen hundred dollars which he agreed to pay plaintiff. The Scott notes also were worthless, and Wakefield is understood to be insolvent. These facts afford the ground for plaintiff's claim for a rescission of the conveyance.

It was practically conceded on the argument that if there were no intervening rights they would, as against Wakefield, afford ground for rescission. At least this claim was not disputed by counsel, and for the purposes of the case its correctness may be conceded. But Cooper claims to be an innocent purchaser of the property, and in view of this claim it becomes necessary to consider the transaction in which the deed from plaintiff was delivered to him. Before doing that, however, it is proper to say that the transaction between plaintiff and Wakefield was an absolute sale of the property. It was only as to the undertakings of the latter that the contract remained executory, and as against him plaintiff is entitled to rescission on the ground solely that he has put it beyond his power to perform the undertakings on his part which were the consideration for plaintiff's agreement. It may be conceded that the deed, while it remained in the condition in which it was when delivered to Wakefield, was not effective, and did not convey the title. But it was the distinct understanding of the parties that Wakefield might fill the blank by inserting the name of the purchaser from him, and deliver it to such purchaser ; and when he inserted Cooper's name, and delivered the instrument to him, he acted in pursuance of that agreement, thus performing the very act which the parties intended should be done, with the object of accomplishing the purpose they had

in view when they made the agreement, viz., the transferring of the title to the purchaser. This court has frequently held that the vendor will not be permitted, under such circumstances, to question the title of an innocent purchaser for value. Owen v. Perry, 25 Iowa, 412; Clark v. Allen, 34 Iowa, 190; Swartz v. Ballou, 47 Iowa, 188. It is true that in each of those cases the defendant was a subsequent grantee, claiming under the one whose name was inserted in the deed after it passed from the hands of the grantor, and he was protected on the ground that he was an innocent purchaser from one who, as a consequence of the plaintiff's act, was apparently clothed with a title. But in a case like the present, where there was an express authority to insert the name of a subsequent purchaser, and deliver the instrument to him for the purpose of passing the title to him, and that authority was unrevoked, the equities in his favor, if he is a purchaser without notice and for value, are equally as strong.

We come, then, to the question whether Cooper stands in that position. Some time before the transaction between plaintiff and Wakefield the latter had purchased a tract of land from Cooper. A conveyance of the land was executed and delivered by Cooper, and Wakefield gave him a mortgage back to secure twenty-three hundred dollars of the purchase price, but neither of these instruments had been recorded. Wakefield sold sold the land to one Smith, and, under an arrangement entered into by the parties, the deed from Cooper to Wakefield, and the mortgage from the latter, were destroyed, and Cooper deeded directly to Smith, who paid the purchase price to Wakefield. It was in that transaction that the deed from plaintiff was delivered to Cooper. There is a conflict in the evidence as to the purpose of that delivery. Cooper claims that the transaction was an absolute sale of the property in question to him, and so testified. Plaintiff pleaded that the deed was delivered as a mere security, and Wakefield testified that the transfer was intended merely as a security for the twenty-three hundred dollars due for the land sold to

Smith and the other indebtedness he was owing Cooper. So far as the principal question in the case is concerned, viz., as to whether the deed should be cancelled, it would make no difference which of these claims is correct; for, as Cooper relinquished the security he then had for the twenty-three hundred dollars due him from Wakefield, in consideration of the transfer, he will be protected, if he had no notice of plaintiff's claim, whether it was intended as an absolute sale or merely as a security. In the latter case he is a mortgagee for value, the surrender of the former security constituting the consideration; and is entitled to the same protection as an absolute purchaser. But in view of the fact that in a cross-petition he demanded judgment for possession of the property, and for the rents and profits, plaintiff having refused to surrender possession, we are required to determine the question. It must be admitted that upon the evidence the question is not free from doubt. But upon a careful consideration we have reached the conclusion that there is a fair preponderance in favor of the claim that the transfer was intended as a security, and we deem it unnecessary to do more than to state our conclusion. A discussion of the evidence would not be profitable, nor would such discussion be a matter of any interest, either to the parties or the profession.

Having reached that conclusion, the only question remaining is whether Cooper had notice of the circumstances out of which plaintiff's right arises when he accepted the security, and it is only necessary to say that the evidence is overwhelming that he did not. Indeed, plaintiff did not learn that Wakefield had pledged the title-bonds as security to the bank until after the transfer of the land to Cooper, and he took no steps to terminate the transaction until after that. The transfer of the bonds to Cooper was a subsequent transaction, and was entirely distinct from that in which the land was conveyed to him. He probably had knowledge of the terms of the contract between plaintiff and Wakefield when he accepted the bonds, but the prior

transaction with reference to the land is not affected by that knowledge. Neither is he chargeable by plaintiff's possession of the property with notice of the right he is now asserting, for when he took the land plaintiff was entitled to possession under his contract with Wakefield, and he was then asserting no other right. A purchaser is bound to take notice of the right under which one in possession claims, but that is the extent of the rule. He is not chargeable with notice of a right or claim not asserted, or one which may subsequently accrue. As Cooper is but a mortgagee, he is not entitled to possession, or the rents and profits, but is entitled to have his lien preserved.

2. REAL estate: possession: notice of interest.

REVERSED.