CHARLES B. LOGAN, Appellant, v. W. W. MILLER.

**Deed in Blank:** GRANTEE: *Contracts.* A deed executed in blank as
1    to the grantee confers authority on the real grantee to contract
2    for the sale of lands, and to fill in his own grantee's name.

**Assumption of Mortgage:** PAROL VARIANCE. While a *party* to a deed may not contradict its recitals as to consideration by parol evidence, no one but a party is under such disability.    Hence,
1    where a deed was left blank as to grantee, one whose name was
3    inserted as grantee by him to whom the blank deed was made, may show, in a suit to charge him with a mortgage assumed by recital in the deed, that, under an agreement with the first grantee, the person whose name was inserted was not to assume said mortgage; and his acceptance of the deed does not estop him to urge said agreement.

**Equity Jurisdiction.** A grantee of lands need not go into equity to avail himself of a defense against personal liability for a mortgage
. 4    which his deed recites he assumes, where the deed had been executed in blank to a preceding grantee, and by him filled in with the present owner's name, on a sale made for a different consideration.

*Appeal from Marshall District Court.*—HON. G. W. BURN-
HAM, Judge.

FRIDAY, OCTOBER 21, 1898.

106    511
113    704

106    511
f133   468

106    511
134    277
f134   562
134    563

ACTION to charge the defendant with a certain indebtedness secured by mortgage on lands which were conveyed to the defendant upon an alleged agreement expressed in the deed whereby defendant assumed and agreed to pay said mortgage indebtedness. Defendant answered, as will hereafter appear, and the plaintiff demurred to the answer. The demurrer being overruled, and plaintiff electing to stand thereon and refusing to further plead, judgment was entered dismissing his petition, from which he appeals.—*Affirmed.*

*Sutton & Marsh* for appellant.

*B. F. Cummings* for appellee.

GIVEN, J.—I. The petition alleges, in substance, as follows: That William and Adeline Barnard were indebted to plaintiff in the sum of one thousand dollars, for which they gave their promissory note and mortgage on certain land in Nebraska; that thereafter defendant purchased said land from said Barnards, and received a warranty deed therefor, "by the terms of which he covenanted and agreed to pay the aforesaid indebtedness of the Barnards to this plaintiff as a part of the purchase money for the said premises, and made said indebtedness, and all of it, his own." The deed set out is dated April 12, 1888, and is from William and Adeline Barnard to W. W. Miller, and recites the consideration as two thousand, five hundred dollars, and said mortgage for one thousand dollars, and says: "Which amount the second party hereto hereby assumes as part of said purchase money." The petition shows that the mortgaged property has been exhausted, and that but six hundred and seventy-four dollars have been paid on said indebtedness thereby, and asks judgment against the defendant for the balance. Defendant answered, admitting the mortgage, the foreclosure thereof, the sale of the land, and the application of the proceeds to the judgment. For a further answer, he alleges that in the spring of 1888 he entered into a written contract with one R. A. Salisbury, which contract he alleges has been lost and

destroyed, by the terms of which he agreed with Salisbury to exchange certain real estate in Marshalltown, Iowa, for the equity of redemption in said mortgaged real estate, which equity was then owned by Salisbury; "that said contract provided only for an exchange of the properties above described, and expressly provided that defendant should take a conveyance of said property, subject only to said mortgage of one thousand dollars thereon, but not that he should assume, or agree to pay, or in any manner become personally liable therefor." The answer further states that Salisbury had taken a conveyance from the former owners of the land, in which the name of the grantee was left blank, and after the sale of said property to the defendant, in place of making a new conveyance, Salisbury wrote in the name of this defendant as grantee in the original conveyance, and delivered the same to the defendant, who in turn delivered to him a deed for the property in Marsalltown. Defendant further says that said deed does not state the true consideration that was agreed upon in said written contract to be paid for said equity of redemption, but that in truth the true consideration, as determined by defendant and Salisbury, and as set forth in the written contract, was only the conveyance of said Marshalltown property, and that defendant should take a conveyance of said land subject to said mortgage thereon only, and did not provide that defendant should assume or in any manner become personally liable therefor. The plaintiff demurred to said answer upon the following grounds: *"First,* because the answer admits facts which avoid the defenses pleaded; *second,* because the facts stated in the answer are not sufficient to constitute a defense to plaintiff's cause of action, for the following reasons." The reasons given are, in substance, that the answer attempts to vary the terms of the written conveyance by parol testimony, and by pleading terms and conditions of a prior contract, in pursuance of which the conveyance was executed; that defendant attempts to plead and prove by parol a contract relating to real estate; that he refers to the alleged contract without presenting a copy or

showing diligence to obtain it; that he attempts to deny and vary the recitals of the deed absolute, which he accepted and under which he held title; that he attempts to vary the effect of a deed absolute by showing a consideration different from that expressed; and because he seeks to subject the terms of a deed absolute to a prior contract between him and Salisbury, who is not a party to this action, and not shown to have ever had any title to the lands.

II.    Appellant states, as his first contention, that "the alleged contract with Salisbury cannot constitute a defense, because Salisbury is a third party, who never owned the land in question, and could not legally contract in regard to it; the deed in blank which he held never being filled out with his name." In *McClain v. McClain,* 52 Iowa, 272, it is held that such a deed is valid when delivered with authority to fill the blank, and the blank is filled with the name of a grantee.    While such a deed, before being filled out and filed for record, may be void as to purchasers without notice, it certainly conferred authority on Salisbury to contract for the sale of the land, and to fill in his own or another's name as grantee.    If Salisbury did not have authority to contract in regard to the land, plaintiff has no cause of action against the defendant, as he and the defendant had no contract whatever.    Plaintiff is seeking to recover solely upon the alleged assumption by the defendant of the mortgage debt, upon the ground that that assumption inures to his benefit.    According to the petition, defendant agreed with the Barnards to assume and pay that debt, but, according to the answer, his agreement, whatever it was, was with Salisbury, and not with the Barnards.    Plaintiff insists that, though the agreement was with Salisbury, he has a right to recover upon that agreement as expressed in the deed; while defendant insists that he has not a right to recover, because of the terms of said alleged written contract.    Both parties recognized the right of Salisbury to contract with respect to that land.    If he had no such right, the defendant made no contract that has inured to the benefit of the plaintiff.

III.   Appellant contends that the terms of the alleged contract were merged in the deed, and that the defendant cannot change the face of his deed by showing a consideration different from that expressed therein, and adverse thereto. In the recitals of this deed the consideration is not only the two thousand five hundred dollars, but two thousand five hundred dollars, one thousand dollars of which were to be paid in a particular manner. It recites the existence of the one thousand dollar mortgage, "which amount the second party hereto hereby assumes as a part of said puchase money." This assumption as to the manner of paying the one thousand dollars of the purchase money is a part of the consideration for the deed, and the contention is whether, as against this recitation of the consideration, the defendant may show what the true consideration was, as provided in the alleged contract. In *De Goey v. Van Wyk,* 97 Iowa, 491, this court said as follows: "There is much conflict in the authorities as to what may be shown regarding the consideration of a written instrument. Many authorities hold that the consideration may be shown by parol to be greater or less, other or different from, or something additional to, that stated in the writing." After citing authorities, it is further said: "Other authorities seem to go so far as to permit a consideration to be shown which is inconsistent with, or contrary to, that stated in the instrument. In our state, and in cases where the facts involved make the holdings applicable to the facts of the case at bar, the rule has been adhered to that, when the considerations are expressed and fully stated in unmistakable language in the written instrument, it is not competent or admissible to change or vary them by parol evidence." After again citing authorities, it is further said: "If, then, the defendant Uithoven had been a party to the mortgage, this evidence would not have been admissible. While, under our statute, Uithoven, if a party for whose benefit the mortgage was made, might have availed himself of it (Code 1873, section 2552), still he is in no legal sense a party to it, so as to bring him within the rule which excludes the parties to such instruments

from adding to or varying them by parol evidence. The rule excluding such parol evidence applies only to those who are parties to the instrument, the effect of which may be sought to be changed. It cannot affect third persons, who, were it otherwise, might thereby be precluded from establishing the truth as to matters with regard to which they had nothing to do. Inasmuch as the defendant was not a party to the mortgage, there was no error in permitting him to show that in fact there was a consideration other than that stated therein."

The instrument the consideration of which is sought to be proven to have been different from that recited is the deed to the defendant. The plaintiff, Logan, is not a party to that instrument, and therefore, under the rule just quoted, the true consideration may, as between him and the defendant, be shown. The question whether the true consideration might be shown as between parties to the instrument was not involved in that case, nor is it in this. Therefore we are not called upon to affirm what is said in that opinion argumentatively on that subject. We think the terms of the written contract, as set up in the answer, relate to the consideration, and that the defendant may be allowed to prove the same. To prove the true consideration as to amount and manner of payment does not in any way affect the title conveyed by the deed, for, with these made according to the truth, the deed still stands as a valid conveyance. It is insisted that, to avail himself of this defense, the defendant should go into equity to have the alleged mistake in the deed corrected; but in *Lawton v. Buckingham,* 15 Iowa, 22, the court says: "If the amount was inserted by mistake an averment to that effect is not necessary to let in the proposed testimony."

IV. Appellant's further contention is that "defendant, having accepted a deed by the terms of which he assumed payment of plaintiff's mortgage, is now estopped from denying liability thereon." While this may be true as to covenants in the deed, it cannot, in view of what we have said, be true as to the consideration. As we view it, the defendant has

the right to show what the real consideration was, both as to amount and manner of payment, for the deed under which plaintiff seeks to charge him.   Therefore the demurrer was properly overruled, and judgment rendered.—AFFIRMED.