A. G. YULE, Appellee, v. WENDELL FELL AND SUSAN FELL. Appellants.

Statute of Frauds: SALE OF LAND: PART PERFORMANCE. Surrender of possession and abandonment of a lease of land in part performance of an oral contract to convey will take it out of the statute of frauds.

Lease for One Year: PURCHASE WITH KNOWLEDGE OF LEASE. A lease for one year may be proved by parol; and where one buys land with a knowledge of such a lease he cannot oust the tenant, though his deed does not expressly mention the lease.

*Appeal from Cedar District Court.*—HON. W. N. TREICHLER, Judge.

TUESDAY, MAY 3, 1904.

ACTION in equity for specific performance of agreement to convey land. Decree for plaintiff, and defendants appeal. —*Affirmed.*

*Wright, Leech & Wright* for appellants.

*France & Rowell* for appellees.

WEAVER, J.—Much of the testimony offered by plaintiff was objected to on the trial, but the case is here for trial *de novo,* and we think it unnecessary to discuss the alleged er-

I. STATUTE of frauds: sale of land: part performance.

rors. After excluding all the evidence which might fairly be held objectionable, there is enough left in the record to show the follow- ing facts: In February, 1902, the defendant Wendell Fell purchased a forty acre tract of land in Cedar county, Iowa, from one Britcher. The plaintiff, Yule, claimed to have leased the land from Britcher for the year mentioned. Shortly after the purchase by the defendant he entered into an oral agreement with plaintiff whereby, in consideration of the surrender of said lease, and the further payment of $45 in money, defendant agreed to sell and con- vey to the plaintiff one-half acre of land, being a strip one rod in width, off the north side of said forty acre tract, and to furnish an abstract showing good title thereto. In alleged pursuance of such agreement, the defendant and his wife made a deed to plaintiff of a strip of land sixteen feet wide off the north side of said tract, and let it at a bank, to be de- livered to plaintiff on payment of the agreed sum of money, but failed to furnish or tender an abstract of title, where- upon this suit was begun. The defendant does not attempt to dispute these facts, but claims that the alleged agreement to sell is within the statute of frauds, and oral evidence thereof is not admissible. It is true, the contract was oral, but there has been a part performance, which, as is well un- derstood, avoids the effect of the statute. The surrender of the possession of the land by plaintiff and the abandonment

of his lease were a material part of the agreed consideration of the land, and defendant cannot be permitted after receiving and enjoying the benefit thereof, to escape the performance of his contract. Code, section 4626.

It is next said there is not competent evidence that plaintiff had any lease of the land. The abstract sets out the testimony of plaintiff that he had such lease; also the testimony of Britcher, the defendant's grantor, who says: "I leased the land for the year 1902 to the plaintiff, and afterward sold it to Mr. Fell. I told Fell the land was rented to Yule, and I could not give him possession unless Yule would give it up. I sold it subject to said lease." A lease for a year need not be evidenced by writing, and this testimony, undenied, is sufficient. to prove its existence. Defendant, having bought with knowledge of plaintiff's right, could not oust him of the possession, even though his deed from Britcher did not expressly mention or except the lease. It seems to be the theory of counsel that the negotiations and agreements between Britcher and defendant were merged in the deed, and that it was not competent for the former as a witness to testify to what was said and done prior to the delivery of the conveyance. Such is not the law as we understand it. Whatever might be the rule were this a litigation between defendant and Britcher, it cannot be true that as between defendant and plaintiff the latter is precluded from proving that the conveyance was taken by the former with full knowledge of the lease, and subject thereto. No authority is cited for the proposition advanced by counsel as applied to a case of this nature, and we think none can be found. *Ingersoll v. Truebody,* 40 Cal. 610; *Buzzell v. Willard,* 44 Vt. 44. The office of a deed is to convey title to land, and the real contract in pursuance of which the deed was made may be shown by parol. *Post v. Gilbert,* 44 Conn. 9; *Frey v. Vanderhoof,* 15 Wis. 397; *Carr v. Dooley,* 119 Mass. 294.

In an assignment of errors it said that the decree below is, in any event, irregular as against the defendant Susan

2. LEASE for one year: purchase with knowledge of lease.

Fell, with whom no contract was made. This point is not argued, and we treat it as waived. Upon the record there is no doubt that defendant Wendell Fell undertook and agreed to convey the land, and that plaintiff is entitled to a decree for its performance.

Reduced to plain terms, the real dispute between these parties seems to be a matter of six inches in the width of the roadway purchased by the plaintiff, and the furnishing of an abstract of title; a difference which it would seem that men disposed to be reasonable and fair in dealing ought to be able to adjust without the expensive assistance of the courts. The rights involved are, however, of the same quality, and we gave to them the same consideration as if the values at stake were greater.

The decree of the district court was right, and is AFFIRMED.