### J. W. HALL, Appellant, v. CORDELIA KARY, et al.

**Pleadings:** CANCELLATION OF INSTRUMENTS: DAMAGES. It is not error to strike from a petition allegations relating to damages, in an action to set aside a conveyance, where the facts pleaded would not entitle plaintiff to damages in case cancellation was decreed, and there were no allegations on which damages by way of alternative relief could be awarded in case cancellation was denied.

**Rulings upon evidence:** REVIEW. Rulings on the admission of evidence will not be reviewed on appeal where the error complained of is not pointed out by counsel.

**Pleadings:** MOTION TO STRIKE. The striking of a pleading after the testimony is closed is discretionary with the trial court, and unless prejudice is shown its ruling will not be disturbed.

**Deeds:** DELIVERY WITH NAME OF GRANTEE BLANK. A deed in which the name of the grantee is left blank, but otherwise fully

30

executed, vests title in the person whose name is subsequently written in by the person to whom it was delivered with authority so to do.

Same: GOOD FAITH PURCHASER. One who, for a consideration and without notice of any fraud, accepts a conveyance of property by deed executed and delivered to 'his grantor by a prior owner, in which the name of the grantee was left blank, becomes a good faith purchaser and acquires a good title as against the prior owner.

*Appeal from Polk District Court.*— HON. W. H. MCHENRY, Judge.

TUESDAY, MARCH 5, 1907.

ACTION to cancel and set aside as invalid a pretended conveyance, under which the defendant Cordelia I. Kary claims to hold title to property belonging to plaintiff, and to enjoin and restrain defendants from taking possession of the premises described in such conveyance, and for damages. The court on motion struck from plaintiff's petition the al-. legation as to damages, and on a trial of the issues raised by a general denial of the allegations of plaintiff's petition, and after allowing defendants subsequently to the trial to file answer and cross-petition praying that title to the property in controversy be quieted in defendant Cordelia I. Kary, rendered a decree, dismissing plaintiff's petition, and quieting the title as prayed in defendant's cross-petition. Plaintiff appeals.— *Affirmed.*

*C. E. Hunn,* for appellant.

*Bowen, Brockett & Weldy,* for appellees.

MCCLAIN, C. J.— Although this action was tried below in equity, and the case is therefore triable here *de novo,* the appellant relies upon errors of law as well as upon the claim that a different result should have been reached on the merits.

The errors of law relied upon will be first briefly considered. It is claimed that the court erred in striking from the petition the allegations as to damages. But the action

1. PLEADINGS: cancellation of instruments: damages.

was to cancel and set aside a pretended conveyance, and the granting of this relief did not involve any allowance of damages. No facts being alleged, entitling plaintiff to relief by way of damages if he should succeed in securing the relief by way of cancellation which is prayed for, and no allegations on which damages by way of alternative relief, in the event that cancellation was not awarded being made, the court properly struck all the allegations relating to damages from the petition.

Error is assigned in sustaining objections to questions asked of witnesses by plaintiff's counsel, and overruling objections interposed by plaintiff's counsel to question asked in

2. RULINGS UPON EVIDENCE: review.

behalf of defendant; but, as counsel does not point out in what respect the court erred in the ruling referred to, there is nothing for us to consider under this assignment.

There is no merit in appellant's complaint that the court erred in overruling a motion to strike defendant's answer and cross-petition filed after the evidence had been

3. PLEADINGS: motion to strike.

taken, and the testimony closed. This was a matter resting in the discretion of the court, and it does not appear in any way that its discretion was abused or that any prejudice resulted to appellant. If plaintiff was not entitled to have the conveyance to the defendant Mrs. Kary set aside, then the decree dismissing plaintiff's petition would effectually cut off any right which plaintiff might have in the property as against such defendant, and plaintiff is not deprived of any substantial rights by the entry of a decree quieting the title in said defendant as against the plaintiff.

With respect to the merits of the case made in plaintiff's petition, it is the contention of appellant that the evidence

showed him to be entitled to the cancellation of a deed to

**4. DEEDS: de-livery with name of gran-tee blank.** his homestead which, as he claims, was never signed by him and his wife, and which, as he further claims, if executed by them, was blank as to grantee, and delivered to Chamberlain, one of the defendants, in an exchange of property made with said Chamberlain, and the name of defendant Mrs. Kary inserted therein without plaintiff's authority. It is also claimed that the deed, if executed and delivered, was without sub-stantial consideration, and procured by false and fraudu-lent representations on the part of said Chamberlain, and by collusion and conspiracy between said Cham-berlain and defendant Mrs. Kary and her husband. The deed of plaintiff and his wife to the property in contro-versy was attached as an exhibit to plaintiff's petition and their signatures thereto were admitted in their testimony to be genuine, and we think plaintiff has wholly failed to make out his claim that these signatures were written on a blank piece of paper which was afterwards, without their au-thority, converted into an instrument in point and writing purporting to be a deed. It appears beyond controversy that plaintiff left the instrument which had been thus exe-cuted by him and his wife with Chamberlain, and accepted and retained possession of a conveyance of property in ex-change for that in question; and it must be presumed that, although plaintiff's deed was blank as to grantee, the inten-tion was to vest Chamberlain with title to the property described therein, and authorize him to insert the name of a grantee as he should see fit. That a deed thus left blank as to the grantee, being otherwise fully executed, vests title in the person whose name is subsequently inserted therein by the one to whom it is delivered as a conveyance is well set-tled in this State. *Swartz v. Ballou,* 47 Iowa, 188; *Logan v. Miller,* 106 Iowa, 511; *McClain v. McClain,* 52 Iowa, 272; *McCleery v. Wakefield,* 76 Iowa, 529.

The only contention in argument with reference to want

of consideration is that the conveyance of the land taken in exchange was by deed of the owner thereof, blank as to grantee, delivered by Chamberlain to plaintiff. But what has just been said as to the effect of such a deed disposes of this question. There is no contention that the law of Missouri as to the effect of a deed blank as to grantee is different from that of this State. There was therefore a sufficient consideration for the conveyance which plaintiff is seeking to have set aside. The fraud relied upon by plaintiff as a ground for setting aside his deed consisted, as it is alleged, of false representations made by Chamberlain to him with reference to the character of the Missouri land which was taken in exchange. There is a square conflict in the evidence as to such alleged misrepresentation, and, as the trial judge had the witnesses before him he was in a better position to pass upon the credibility of the witnesses than we are, and we might safely predicate our affirmance of the decree on the ground that the fraud relied upon is not made out by such clear and satisfactory evidence as would justify the exercise of the equitable power to set aside plaintiff's deed.

But there is another consideration which, as it seems to us, is conclusive as against plaintiff's right to a rescission so far as it would affect the title of the defendant Mrs. Kary. The transaction, by which plain-
5. SAME: good
faith pur-
chaser.
tiff's property conveyed to Chamberlain by the blank deed was sold and transferred to Mrs. Kary by the insertion of her name in such deed as grantee, was subsequent to the execution and delivery of the deed from plaintiff to Chamberlain. The evidence does not in any way connect Mrs. Kary with any fraud in the transaction between plaintiff and Chamberlain. Mrs. Kary paid to Chamberlain a full consideration for the property, $100 in cash, and $100 by note and mortgage to Chamberlain's wife, given at his direction. Mrs. Kary thereby became the purchaser for value without notice of any fraud affecting the conveyance from plaintiff to Chamberlain, and she affirma-

tively shows that she was a purchaser in good faith and without notice. That one who takes a conveyance of property by delivery of a deed executed and delivered to his grantor by a prior owner and blank as to the name of the grantee becomes a purchaser without notice as effectually as though his grantor had executed a direct conveyance is established by our cases. See, especially, *McCleery v. Wakefield,* 76 Iowa, 529. There is no question in this case but that Mrs. Kary is a good faith purchaser for value. She does not simply stand in the shoes of Chamberlain, entitled to reimbursement for the amount she has paid for the property, but she is entitled to the property itself as against any right of the plaintiff to rescission of his conveyance to Chamberlain, on account of fraud in that transaction.

The decree of the trial court is *affirmed.*