J. H. Augustine, Appellee, v. Albert Schmitz et al., Appellants.

**Conveyances:** BLANKS: RIGHT OF GRANTEE TO INSERT NAME OF PURCHASER: EVIDENCE. Where a deed has been executed and delivered with the name of the grantee left blank, the grantee has authority to fill in his own name or that of one to whom he may sell the premises.
Evidence held to show that the name of grantee was not inserted in the deed in question at the time of its execution, and that it had not been subsequently altered in that respect by erasure.

**Same:** *Bona fide* PURCHASER: EQUITIES. Where a deed is executed and delivered with the name of the grantee left blank, a subsequent purchaser whose name is inserted will take the title free from any equities in favor of the grantor arising out of the original purchaser's failure to perform his contract, in the absence of notice thereof. In such cases the instrument is not void but at best is only voidable for fraud between the original parties.

*Appeal from Keokuk District Court.*—Hon. W. G. Clements, Judge.

Tuesday, February 8, 1910.

Action to quiet title to a lot in the town of What Cheer, of which plaintiff claims to be the owner. The defendant in answer and cross-petition claims ownership in himself, and asks that the title be quieted in him. There was a decree for plaintiff, and defendant appeals.— *Reversed.*

*J. M. Whitaker*, for appellant.

*C. C. Carter* and *H. F. Wagner,* for appellee.

Weaver, J.—The controversy in this case is as follows: On April 29, 1907, plaintiff, being the owner of the lot in question, exchanged it with one J. B. Pope for land in Missouri and conveyances were delivered accordingly; the deed by plaintiff being in the warranty form. It is the claim of the appellant Schmitz that this deed was made and delivered to Pope in blank as to the name of the grantee, thus making the same effectual to vest title in any person whose name should thereafter be inserted in the blank by the person receiving it or by any subsequent holder. *Hall v. Kary,* 133 Iowa, 468. Later in the same month Pope traded the lot to one Odett, who swears that in consummation of such trade Pope then delivered to him the same deed which plaintiff had delivered to Pope a few days before, and that the blank therein for the name of the grantee had not yet been filled. About the 1st of June, 1907, Odett traded the lot to the appellant Albert Schmitz, and he then filled out said deed with the name of Schmitz as grantee, and delivered it to him in that condition. On September 18, 1907, plaintiff began action in the district court against J. B. Pope to rescind the exchange of property first above mentioned, and to cancel and set aside the deed delivered to Pope for the lot in What Cheer, alleging as ground therefor the fraud and misrepresentation of Pope with reference to the property in Missouri. No other person or persons than Pope and wife were made defendants. On December 17, 1907, Pope having made default, a decree was entered declaring the deed given to him by plaintiff void and of no effect, and quieting title in the latter. During the period covered by this narration, there was no one in actual occupancy of the lot, and the deed which Schmitz received from Odett was not recorded until October 4, 1907. On

1. Conveyances: blanks: right of grantee to insert name of purchaser: evidence.

October 17, 1907, the present action was begun against
Schmitz to quiet plaintiff's title, and decree granting him
the relief prayed for was entered April 24, 1908, and it
is from this latter decree that the present appeal has been
taken.   These two actions, the one to set aside the deed
and quiet title against Pope and the one at bar to quiet
title against Schmitz, were never united or consolidated in
any manner, nor was the decree obtained against Pope
pleaded as an adjudication or estoppel affecting the rights
of the parties.   The one and only ground alleged for the
relief demanded against Schmitz was that he, Schmitz,
was claiming to hold title under a deed made to him by
the plaintiff when in fact plaintiff never made, executed,
or delivered such deed, and that the instrument purport-
ing to be so made, and upon which Schmitz was assert-
ing title, was forged, false and fraudulent.   The theory
and claim on which this charge is made is that the deed
when delivered by plaintiff to Pope was duly filled out
with the name "J. B. Pope," written therein as grantee,
and that this instrument had subsequently been changed
without the grantor's authority or consent by erasing the
name of Pope as grantee, and substituting therefor the
name of Albert Schmitz.   No charge is made or proof
offered that Schmitz was in any manner a party to the
fraud by which plaintiff was induced to make the exchange
with Pope, or that he took the deed from Odett with any
actual notice or knowledge of such fraud.

The plaintiff as a witness in his own behalf swears
that he himself wrote the deed for the lot to Pope, and
that the name of the latter was written therein as grantee,
and the name Albert Schmitz has at some time since been
written therein without his authority.   The instrument
itself was put in evidence, and has been certified to this
court.   It is written upon a blank form in common use,
the material part of which is as follows (the blanks being
numbered by us for convenience of reference) :

"Know all men by these presents that we (1) ......
of (2) ...... County, state of (3) ......, in considera-
tion of the sum of (4) ...... dollars in hand paid by (5)
...... of (6) ......, do hereby sell and convey unto
the said (7) ...... the following described premises:
(8) ...... And we hereby covenant with the said (9)
...... that we hold said premises by a good and perfect
title," etc.

The name "Albert Schmitz" is clearly written in the
space No. 7, prepared for the name of the grantee. It
shows not the slightest indication that any other name has
ever been erased, obliterated, or removed therefrom, or
that the name of "Schmitz" has been written over or
superimposed upon any other name, and it is impossible to
examine it and avoid the conclusion that the witness is
mistaken when he says he filled in this blank with the
name "J. B. Pope." It is one of those cases where the
physical fact is so patent and indisputable that testimony
to the contrary can not prevail. It does appear, however,
that at some time the name "J. B. Pope" has been writ-
ten in the blank No. 5, designating the person from whom
receipt of the consideration is acknowledged, also in blank
No. 9, for the name of the covenantee, and that this name
has been erased from both places here mentioned. The
name "Albert Schmitz" was written in blank No. 5 over
the erasure. The name "Story" has also been written in
blank No. 6, and through it a pen has been drawn, and
"Tama" substituted therefor. Odett testifies that these
changes except the substitution of "Tama" for "Story"
had been made in the deed before he received it, and says
they were explained to him by Pope's statement that he
took the deed in blank, and that at one time thereafter
started to fill it out in his own name, but changed his
mind and concluded to leave it in blank. This theory
has some corroboration in the fact that a comparison of
writings gives indication that the name of "J. B. Pope" as

it appears in faint outline where erased and the word "Story" through which a pen has been drawn are in the hand of Pope, and not of the plaintiff. The word "Tama" was written in by Odett before delivering the paper to Schmitz. Assuming, as we think the record compels us to do, that the deed was delivered to Pope in blank as to the grantee, then under the established rule of this court Pope had authority to fill it out in his own name or in the name of his grantee or purchaser. *Hall v. Kary,* 133 Iowa, 468; *Swartz v. Ballou,* 47 Iowa, 188; *McClain v. McClain,* 52 Iowa, 272; *Logan v. Miller,* 106 Iowa, 511; *State v. Tripp,* 113 Iowa, 704.

In the absence of notice, the person to whom the purchaser subsequently disposes of land so held and in whose name the blank is filled will hold the title against

2. Same: bona fide purchaser: equities.

any equities of the grantor arising out of the failure of said purchaser to perform his part of the agreement. *McCleery v. Wake-field,* 76 Iowa, 529. In the cited case the plaintiff, Mc-Cleery, delivered to Wakefield a deed to certain land; the conveyance being in blank as to grantee. Afterward Wakefield filled in the name of one Tabor, and delivered the instrument to him to secure the payment of a debt. Later the debt being paid, Tabor returned the deed to Wakefield, who erased Tabor's name therefrom, and inserted the name of one Cooper, to whom he desired to transfer the title. After this had been done, plaintiff, the grantor in the blank deed, brought action to cancel the conveyance, and to have the title adjudged in himself. This claim was founded upon the fact that, in consideration of receiving said deed, Wakefield had undertaken to convey to plaintiff a three hundred and twenty acre tract of land and pay a certain sum of money and to secure the same by a deposit of collaterals, and that he failed to furnish or pay the promised consideration. Upon this showing, it was there decided that Wakefield had authority to

fill the blank; that filling the blank with the name of Tabor did not exhaust such authority; and that his subsequent erasure of Tabor's name and insertion of Cooper's in its place gave the latter a title which could not be canceled or set aside at the instance of plaintiff, even though as between him and Wakefield, without intervening rights of third persons, it might be subject to rescission. The case is quite in point with the one at bar. Counsel for appellee take the position that, even if the deed was delivered in blank, the fraud perpetrated by Pope in procuring it rendered the conveyance void, and no rights could be acquired thereunder by third parties with or without notice. But the deed was not void even if the alleged fraud in its procurement be fully established. It was at most voidable, and, until it was in fact avoided by rescission or otherwise, an innocent purchaser from Pope would be preferred in equity to the grantor; for, if one of the two must lose by the transaction, it should be the grantor, who, by giving the conveyance to Pope, enabled the latter to impose upon the purchaser from him.

We do not discuss the merits of plaintiff's claim that he was defrauded by Pope, the details of which transaction he was permitted to prove on the trial below. As there was no claim and no evidence that Schmitz was a party to the fraud or had knowledge of it, we think the matter is both irrelevant and immaterial.

It follows that the plaintiff has failed to establish a right to relief against the defendant, and his bill should be dismissed, and the title quieted in defendant.—*Reversed.*