**Mark Robert GARDNER, Individually; James Lewis Gardner, Individually; Louann Gardner, As Natural Mother and Next Friend of Jacob Mark Gardner, A Minor; James Tyler Gardner, A Minor; the Unborn Children of Mark Robert Gardner; and the Unborn Children of James Lewis Gardner, Appellants,**

**v.**

**Harry Gerald GARDNER, An Individual; and Citizens State Bank, An Iowa Corporation, Appellees.**

No. 89-207.

Supreme Court of Iowa.

April 18, 1990.

Trenton D. Hampton and Dean J. Sitzmann of Steier & Kreikemeier, P.C., Omaha, Neb., for appellants.

Edward D. Hotz and Thomas J. Gibson of Hotz, Kizer & Weaver, P.C., Omaha, Neb., for appellee Harry Gardner.

F.E. Ebersold and Frank W. Pechacek, Jr. of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellee Citizens State Bank.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and NEUMAN, JJ.

LARSON, Justice.

Mark and James Gardner (the brothers) conveyed their interest in Pottawattamie County farmland to their brother Harry to be used by him as security for a loan. The loan did not materialize, and the grantors requested that Harry reconvey their remainder interests. When Harry refused, the brothers filed this action to compel the reconveyance. The district court held that evidence of any such oral agreement must be rejected under our statute of frauds, Iowa Code § 622.32 (1987). Lacking any oral evidence of the alleged agreement to reconvey, the court held that the quitclaim deed by the brothers was not subject to such a condition. We reverse and remand.

In the settlement of their father's estate, Harry Gardner received a life estate in two-thirds of the real estate. One-third went directly to Harry's mother in fee simple. The remainder in the two-thirds of the real estate in which Harry received a life estate went to Harry's issue, and if he had none, to Harry's siblings. Harry has no issue.

In 1985, Harry was heavily indebted to the Citizens' State Bank of Oakland, Iowa. The bank refused to lend him any more money and called the loan due. Harry discussed the problems with his brothers and sister and solicited from them their remainder interest in the real estate. According to the brothers, Harry told them that he would attempt to refinance with the Federal Land Bank and, if he failed to do

so, he would reconvey the remainder interest to them.

Harry's brothers, and his sister, conveyed their remainder interest in the real estate to Harry by a quitclaim deed. The deed did not mention any agreement to reconvey. According to the brothers, however, an oral agreement existed among the brothers to that effect.

Harry's application for a Federal Land Bank loan was denied, and the brothers requested the return of their remainder interests, and when Harry refused, they began this action. After this suit was commenced, Harry gave a mortgage to the real estate to his original bank, Citizens' State Bank, to secure his preexisting indebtedness.

As a preliminary matter, we address the scope of review, an issue which has been raised by Harry, who claims our review is not de novo, but on error. This case was filed in equity, and our review is usually determined by the manner in which the case was tried. *Citizens' Sav. Bank v. Sac City State Bank*, 315 N.W.2d 20, 24 (Iowa 1982). Here, it makes no practical difference because the case turns on questions of law, not fact.

### I. *The Statute of Frauds Issue.*

At trial, the district court relied upon Iowa Code section 622.32 (1987), our statute of frauds, and ruled that evidence of the oral agreement was inadmissible. That section provides:

Except when otherwise specially provided, no evidence of the following enumerated contracts is competent, unless it be in writing and signed by the party charged or by the party's authorized agent:

. . . .

3. Those for the creation or transfer of any interest in lands, except leases for a term not exceeding one year.

The brothers contend on appeal that (1) the alleged agreement to reconvey is not subject to the statute of frauds, (2) the Citizens' State Bank is charged with notice of the brothers' claim of title, and (3) the district court erred in failing to find fraud on the part of Harry. Because we resolve the question of the admissibility of the oral agreement on the basis of part performance and evidence by the adverse party, it is not necessary to address the issue concerning fraud.

The brothers rely on three arguments on the statute of frauds issue: (a) that the alleged oral agreement to reconvey was not a "contract" for the sale of land and therefore was not subject to the statute of frauds; (b) that they had partially performed their contract, thereby removing it from the statute of frauds; and (c) that parol evidence is permitted to establish an agreement for the creation of an interest in real estate where it is established by the evidence of an adverse party.

■ Under our statute of frauds, it is well established that a party who partially performs under the agreement may avoid the impact of the statute of frauds and introduce evidence of the oral contract. *See, e.g., Recker v. Gustafson*, 279 N.W.2d 744, 749 (Iowa 1979); *Gilbert v. Plowman*, 218 Iowa 1345, 1348–50, 256 N.W. 746, 747–48 (1934). This is also in accordance with the general rule. *See* 73 Am.Jur.2d *Statute of Frauds* § 397, at 21–23 (1974). The brothers in this case performed their part of the alleged oral agreement by conveying their remainder interests in the land. This was sufficient performance to take the alleged oral agreement from the operation of the statute of frauds.

■ The brothers also contend that Harry admitted the oral contract, and for that reason, it may be established notwithstanding the statute of frauds. Parol evidence establishing an agreement for the creation of an interest in real estate may be admitted where the agreement is established by oral evidence of the adverse party. *See Meylor v. Brown*, 281 N.W.2d 632, 634 (Iowa 1979) (statute of frauds under Uniform Commercial Code); *Roth v. Ross*, 256 Iowa 326, 333, 126 N.W.2d 369, 374 (1964).

■ Although Harry disputed the fact at trial, there was some evidence in the record that he, at least partially, admitted an

agreement to reconvey. The trial court erred in refusing to admit evidence of the alleged oral agreement. When the proffered evidence is considered, there is sufficient evidence to allow a fact finder to find an agreement to reconvey.

## II. *The Priority Issue.*

██ This suit to force reconveyance of the land was filed before Harry gave his mortgage to the bank to secure a preexisting indebtedness. Iowa Code section 617.-11 (1987) provides:

> When so indexed [as *lis pendens*] said action shall be considered pending so as to charge all third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's rights.

The brothers' amended petition was filed on July 28, 1987, and was indexed in the *lis pendens* records of Pottawattamie County. The bank's mortgage was not taken until December 1987, several months later. The bank's mortgage, therefore, was taken with constructive notice of the pendency of the brothers' claim of interest in the land, and the bank may not acquire an interest superior to the brothers' claim, if it is established at trial. *See* Iowa Code § 617.11.

We reverse and remand this case for a new trial.

REVERSED AND REMANDED.