## HOLLIDAY v. HOLLIDAY.

1. FRAUDULENT SALES. Equity will not set aside a fraudulent conveyance made, or caused to be made, for the purpose of defrauding creditors, on the application of the parties thereto.

*Appeal from Lee District Court.*

TUESDAY, DECEMBER 20.

IN EQUITY. The bill alleges that complainant purchased of one Torrence two lots in the city of Keokuk, that he paid for them and took the title in the name of his wife ; that the wife died leaving six minor children, and that they as her heirs hold the title, in part, to those lots ; that she held this title in trust for complainant, and that they take it in the same manner or subject to the same trust.

The prayer is that said children convey the legal title to complainant, and for general relief. The children answer by guardian, neither denying or admitting the matter stated, but calling for strict and regular proof, and asking that their rights should be protected.

The case was heard upon the bill, answer and depositions, and a conveyance decreed. Respondents appealed, but in this court, by agreement, the appeal has been dismissed as to all except Sarah A. Holliday, now Sarah A. Perkins.

*Edwards & McAlister* for the appellant.

*Rankin, Miller & Enster* for the appellee.

WRIGHT, C. J.—The testimony sufficiently shows that the lots were purchased by the husband, that he paid the purchase money, and had them conveyed to his wife. It is further shown, however, that the conveyance was thus made at the instance and request of complainant to place them beyond legal process, if he should be prosecuted upon a certain demand, which he regarded as unjust.

The maxim, *in pari delicto melior est conditio possidentis et dependentis*, is to be respected, and when applied is fatal to complainant's case. A conveyance made, or procured to be made, to defraud creditors, will not be set aside at the instance of the parties to it, or the one procuring it, but equity leaves the parties to their remedy at law, and will not interfere in favor of either. Equity will not enforce a reconveyance, nor enforce a secret trust in favor of the grantor or his heirs. The rule is well settled. 1 Story Eq. Jur. 61; 1 Am. Lead. C. 76, and cases cited.

Decree reversed.