## WEIR v. DAY.

1. **Evidence**: TRIAL DE NOVO. Where the testimony was written out and filed before the final submission of the case, and the judge's certificate was in proper form; *held*, sufficient to entitle appellant to a trial *de novo*.

2. **Fraudulent Conveyance**: GRANTOR AND GRANTEE. To render a conveyance invalid, as between a fraudulent grantor and his grantee, it is not necessary that the fraudulent in tent, or knowledge, should be traced to the grantee.

3. ———: TORT. A person having a claim for a tort is a creditor, and where the conveyance was made with the intent in part to evade fines and judgments which might be obtained for torts, it renders the conveyance wholly fraudulent.

*Appeal from Cerro Gordo Circuit Court.*

### MONDAY, OCTOBER 24.

ON the 6th day of March 1874, the plaintiff being the owner of certain real estate in Mason City conveyed the same to R. C. Mathews. On the 17th day of the same month Mathews conveyed the same property to the defendant C. H. Day, and on the 9th day of August 1876, Day conveyed to Edwin Hamblin. When the property was conveyed by plaintiff to Mathews the same was encumbered by certain tax-liens mortgages and judgments. These liens were beyond the ability of the plaintiff to pay and he conveyed to Mathews, as is claimed to the end that he, Mathews, should collect the rents and apply the same to the payment of the liens, and afterwards deed the property back to plaintiff or some one else at plaintiff's request. Mathews did not desire to give his time to the undertaking, and through the procurement of the plaintiff, he conveyed the property to the defendant Day. Mathews paid no consideration for the conveyance to him, and he received nothing for his conveyance to Day. Day accepted the conveyance and took possession of part of the

premises and collected the rents therefrom until he conveyed to Hamblin. It is claimed in the petition that the conveyance from plaintiff to Mathews and from Mathews to Day, was intended as a mortgage to secure any advancements which they might make to discharge liens upon the property over and above the rents which should accrue therefrom, and that Day was to reconvey the property to plaintiff upon being paid the money advanced by him, and interest; that Day received a large amount of money as rent, neglected to pay off the liens, and sold and conveyed the property to Hamblin; that defendant is liable to account to the plaintiff for the rents and profits, and purchase-money which he received for said premises. The defendant denies that the deed made by Mathews to him was intended as a mortgage for advances to be made, but claims that the plaintiff was indebted to him in the sum of $1,300, and that he sold and caused Mathews to convey the property to him absolutely, in consideration of the payment of said debt, and certain other liens upon the property which defendant undertook to, and did, pay.

Defendant further avers that the sale and conveyance of the property was made by the plaintiff with intent on his part to hinder, delay and defraud certain of his creditors and others, who were asserting claims against him, but that the purchase was made by defendant in good faith without any such knowledge of the fraudulent intent and purpose of the plaintiff. Upon a trial by the court it was found that the conveyance was intended as a mortgage to the defendant. An account of the rents and profits and proceeds of the sale from defendant to Hamblin was taken and also an account of the disbursements of the defendant on account of the undertaking, and it was found that the defendant was indebted to plaintiff in the sum of $2,739.12 for which judgment was rendered. Defendant appeals.

*Miller & Cleggett* and *F. J. Bush*, for appellants.

*Goodykuntz & Blythe* and *Brown & Binford*, for appellee.

ROTHROCK, J.— I. A question is made as to whether the action is triable anew in this court. It is said that the evidence was not taken down in writing. The record shows that the testimony of some of the witnesess was taken by deposition. At the trial the testimony of other witnesses was taken by a short-hand reporter, and the evidence was transcribed by him, and filed in the cause. The transcript of the evidence was filed before the cause was submitted to the judge for his decision, and was taken by him with the written arguments of counsel and the cause was decided in vacation. The judge made his certificate to the evidence in proper form and in due time. This was a sufficient compliance with the statute to entitle an appellant to a trial *de novo* in this court.

*1. EVIDENCE: trial de novo.*

II. If the plaintiff caused the conveyances to be made to the defendant with intent to hinder, delay or defraud his creditors, or any of them, he is not entitled to recover. *Holliday v. Holliday*, 10 Iowa, 200; 1 Story Eq. Jur., 61; Kerr on Frauds and Mistake, 375; *Stephens v. Harrow*, 26 Iowa, 458. The evidence abundantly shows that such was his intention. Before the conveyance to Mathews an action had been commenced against the plaintiff by one Mary Herron to recover damages in the sum of $2,000 for the unlawful sale of intoxicating liquors. Afterwards she recovered judgment for damages and cost amounting to $400. On the day before the conveyance to Mathew, one McMillan had commenced an action of the same character, against the defendant, claiming $5,000. No recovery was had on the action. There were three indictments pending against the plaintiff, for keeping a gambling-house and a nuisance. Upon these the defendant was afterwards convicted, and fined in the

*2. FRAUDULENT conveyance: grantor and grantee.*

sum of $600. There was another action pending against him in which judgment was afterwards rendered for over $200, and costs. Five witneses testified upon the trial in substance, that the plaintiff stated to them that he made the conveyance to avoid and defeat the claims made against him, for the unlawful sale of intoxicating liquors.

It appears that the court below, was of the opinion that as it was not shown that Day had knowledge of the fraudulent intent of the plaintiff, the conveyance was not fraudulent; that a fraudulent purpose on the part of the grantor alone is not sufficient; that there must be a like intent or at least a knowledge of the fraudulent intent traced to the grantee. This is undoubtedly the rule where creditors seek to set aside a conveyance as fraudulent. But the ground upon which a fraudulent grantor is precluded from gainsaying the transaction, is that he comes into a court of justice with unclean hands and seeking to take advantage of his own wrong. In *Holliday v. Holliday*, *supra*, the plaintiff purchased real estate, paid for it, and took the title in the name of his wife. After her death he sought to compel the children of the wife to convey to him. It appeared that he procured the conveyance to be made to his wife to place the property beyond the reach of legal process, if he should be prosecuted upon a certain demand which he regarded as unjust. It does not appear that the wife participated in or had any knowledge of the fraudulent intent of her husband.

But it is said that the claims which the plaintiff sought to defeat by the transaction, were not the claims of creditors within the meaning of the law. Whatever may be said as to the indictments, it appears to be settled beyond controversy that a person having a claim for a tort is a creditor. See *Hillard v. McGee*, 4 Bibb., 165; *Jackson v. Myers*, 10 Johns., 425; *Farnsworth v. Bell*, 5 Sneed., 531; *Lary Ford v. Fly*, 7 Humph., 585; *Walradt v. Brown*, 1 Gilman, 397. If the intent was in part to evade fines upon criminal prosecution,

and also to evade the payment of any judgment which might thereafter be obtained in the civil actions, the conveyance was wholly fraudulent. It cannot be upheld in part, and avoided in part. In our opinion the plaintiff's petition should have been dismissed at his costs.

REVERSED.