AUGUSTA J. McCRUM, Appellant, v. WILLIAM J. McCRUM, Appellee.

**Cancellation of deed:** HUSBAND AND WIFE: DURESS: FRAUD. In an action by a wife to set aside a deed to her husband on the ground that it was obtained by duress, an answer alleging that the husband had previously conveyed the property to his wife to hinder and delay his creditors, and that she at that time reconveyed the property to him under an agreement that this deed should be withheld from record until settlement with his creditors, and that after settlement the deed was recorded, and also alleging that the deed in question was without consideration and executed for an illegal purpose, presented a good defense to the action.

**Burden of proof:** DELIVERY OF DEED. A deed properly acknowledged and recorded is presumed to have been delivered, and the burden is upon one seeking to show nondelivery.

**Cancellation of deed:** DURESS. Where there has been a voluntary delivery of a deed with intent to pass title and the grantor afterwards regains possession thereof, the fact that the grantee subsequently obtained a redelivery by duress is not ground for setting the instrument aside.

*Appeal from Cherokee District Court.*— HON. WILLIAM HUTCHINSON, Judge.

WEDNESDAY, JUNE 7, 1905.

SUIT in equity to set aside and cancel a deed for certain lands in Cherokee county. Trial to the court, decree dismissing plaintiff's petition, and she appeals. — *Affirmed.*

*Herrick & Herrick* and *Hubbard & Burgess,* for appellant.

*F. E. Gill,* for appellee.

DEEMER, J.— Plaintiff claims that the deed which
she seeks to have canceled was obtained from her by the
defendant, her husband, through duress and threats, and that
the same was never in fact delivered so as to be-
come operative.   Among other things, defend-
ant pleaded that he conveyed the land covered
by the deed in question to plaintiff, his wife, to hinder and
delay one Peterson, who was about to sue him (defendant)
for an alleged assault; that at the same time, and as a part
of the same transaction, plaintiff made a deed for said prop-
erty back to defendant, which he (defendant) was to hold
until the Peterson matter was determined, when he was to
place the same of record; that in pursuance of this arrange-
ment the said deed to defendant was placed of record, as
agreed, after the Peterson claim had been disposed of; that
each of said conveyances was without consideration, and was
executed for the alleged illegal purpose.   To this plaintiff
demurred, but her demurrer was overruled.   This ruling
forms the basis for the first ground of complaint.   Of course,
the defendant cannot plead his own fraud for the purpose
of defeating his original conveyance to his wife, the plaintiff.
This conveyance was good as to every one save the creditors
who were defrauded thereby, and defendant cannot show
fraud for the purpose of defeating it.   But the part of the
answer which was attacked was broader than this.   It shows
a deed made by the plaintiff back to the defendant of the land
deeded to her in fraud of her husband's creditor, and an agree-
ment that it should be recorded as soon as the object of the
prior conveyance had been accomplished.   An actual delivery
of this deed of reconveyance is alleged, and a recordation
thereof pursuant to the prior agreement.   Such facts, if
established, show an actual delivery of the deed from plain-
tiff to defendant; and, while fraud is alleged, defendant is not
relying thereon, and is not compelled to establish it in order

1. HUSBAND AND
WIFE: cancel-
lation of deed;
duress; fraud.

to maintain his defense. These allegations of fraud were for the purpose of showing a consideration for the deed from plaintiff to defendant. She was, according to the recitations of the answer, under a moral obligation to reconvey; and, having done so, she cannot now invoke the aid of a court of equity to cancel or set aside her deed. *Caffal v. Hale,* 49 Iowa, 53; Wait on Fraudulent Conveyances, section 398. The demurrer was properly overruled.

II.   Defendant apparently holds title to the land under a deed properly acknowledged by the plaintiff and duly recorded.   Such an instrument is presumed to have been deliv-

2. Burden of proof; delivery of deed. ered, and the burden is upon the plaintiff to show nondelivery in order to avoid it.

This she attempts to do by testimony to the effect that it was obtained from her by threats and duress, and without intent on her part to make delivery thereof.   There is no

3. Cancellation of deed: duress. doubt, under the evidence, that defendant made a deed to the plaintiff for the purpose of defrauding his defendant's creditors; and it also appears without dispute that plaintiff at the same time made a deed for the property back to the defendant, which was left with one Miller, who was defendant's attorney.   Plaintiff says that she left her deed to defendant with Miller, to be by him delivered after her death; that Miller delivered the deed without her consent; that she afterwards discovered that her husband, the defendant, had it, and that she took it away from him; that, after the husband ascertained that the deed was again in her possession, he, by duress and threats, compelled her to redeliver the same to him.   The testimony, as we think, shows that defendant did finally compel the plaintiff to redeliver the deed to him by threats and intimidation; but this is not sufficient to justify a court in setting aside and canceling the instrument, if it be found that there was theretofore an actual delivery of the deed by plaintiff to the defendant or his agent.   If the title once passed to the defendant in virtue of the delivery of a deed from the plaintiff to him,

then no matter what was done thereafter with the instrument, title passed, and a redelivery accomplished by fraud or duress will not disturb the title. We are satisfied from the evidence that there was a voluntary delivery of plaintiff's deed to the defendant, or to his agent, Miller, with intent to pass title, and that, while there was fraud in the whole transaction, such fraud did not vitiate the title which defendant now holds.

There is an attempt to show a consideration for the deed from defendant to plaintiff, but we are constrained to believe there was in fact no consideration therefor.

The deed of reconveyance was based upon a sufficient consideration, and was valid between the parties, although there was an agreement not to record until the Peterson claim should be adjusted. Recordation is not essential to the validity of a deed as between the parties.

Plaintiff has failed to establish the nondelivery of her deed to defendant, and the decree must be, and it is, *affirmed.*