J. Z. BENEDICT, Appellant, v. J. S. HALL et al., Appellees.

**LIMITATION OF ACTIONS:** Fraud—Concurrent Remedies. An equitable action for an accounting for royalties on a patent sounding in *damages* and based on the *fraud* of the defendant is barred in five years after the fraud is perpetrated, nothing being pleaded to toll the statute. (See Book of Anno., Vol. 1, Sec. 11010.)

**Headnote 1:** 37 C. J. pp. 794, 932, 1201.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

MARCH 9, 1926.

APPEAL by plaintiff from a ruling sustaining a motion by defendants to strike certain paragraphs of plaintiff's petition.— *Affirmed.*

*E. E. Collins,* for appellant.

*E. E. Reed* and *Trewin, Simmons & Trewin,* for appellees.

DE GRAFF, C. J.—This appeal calls for a review of the ruling of the trial court sustaining defendants' motion to strike

cause or causes of action as alleged in plaintiff's amendment to the second count of his amended and substituted petition, filed January 30, 1925. The motion is predicated on the ground that the said cause or causes of action are barred by the statute of limitation. This gives rise to the sole issue on this appeal.

The pleadings are quite voluminous, and no purpose is served in detailing the allegations contained therein. Briefly stated, plaintiff prays for an accounting, and to recover royalties due on pulley blocks and wire stretchers manufactured and sold by defendants under written contracts between plaintiff, the original patentee, and the defendants, to whom the patents were assigned, with the exclusive right to manufacture and sell the articles covered by the letters patent. The agreement contemplated that the assignee should pay plaintiff a certain percentage of the gross receipts on the articles manufactured and sold according to the contract stipulations. Plaintiff seeks by a petition in equity to have an accounting as to a balance of certain royalties claimed to be due him, and for certain materials, machinery, and dies alleged to have been appropriated by defendants.

One amendment to which the instant motion is addressed, among other things, prayed for an accounting of royalties alleged to be due under a contract covering the period from August 6, 1907, to January 1, 1909, and also an accounting as to royalties covering the period of a second contract from January 1, 1909, to January 1, 1914.

It is alleged by plaintiff in amendment that defendants defrauded him and procured his signature to a contract of settlement under date of July 5, 1909, of royalties to January 1, 1914, in that the said defendants did not disclose to the plaintiff the true situation as to the number of pulley blocks and wire stretchers sold, but simply reported the amount of the sales, which are claimed to be much less than they actually were; and that, by reason thereof, appellant accepted $6,000 in full settlement of royalties from January 1, 1909, to January 1, 1914. Plaintiff further alleged that the defendants, in violation of the first contract with plaintiff, misrepresented the amount of royalties due, for the purpose of cheating the plain-

tiff out of part of the royalties covering the period from August 6, 1907, to January 1, 1909.

The two paragraphs of defendants' motion material to the present inquiry read as follows:

"The defendants separately move the court to dismiss the cause or causes of action purporting to be set up in the amendment filed January 30, 1925, claimed to be based on fraud and misrepresentations, upon the following grounds:

"1. It appears from the face of said amendment filed January 30, 1925, that the cause or causes of action purporting to be set out in said amendment and to allege misrepresentation and fraud, accrued and arose to the plaintiff more than five years prior to January 30, 1925, and more than five years prior to the commencement of this suit, and that for said reasons the said alleged cause or causes of action are barred by the statute of limitations of the state of Iowa.

"2. The defendants separately move the court to dismiss the cause or causes of action purporting to set up claims for an accounting and recovery of the value of the tools, dies, and other material, and all claims under the contract of August 6, 1907, for that the contract of August 6, 1907, was abrogated and canceled by the contract of January 1, 1909, which last named contract the plaintiff does not seek to annul or set aside, and that the cause or causes of action, if any, arising on the contract of August 6, 1907, arose and accrued on January 1, 1909, the date when the said contract of January 1, 1909, was entered into, because said alleged cause of action, if any plaintiff has, arose and accrued to the plaintiff more than ten years prior to the commencement of this action, and is barred by the statute of limitations."

An examination of the amendment to which the motion of defendants is directed, discloses the fact that there is no allegation to the effect that the plaintiff was prevented from discovering the alleged fraud by the fraudulent acts of the defendants, or by concealment, or that plaintiff used reasonable diligence to discover the fraud.

In the consideration of the proposition involved herein, it is important to have in mind two sections of the statute. It is provided by Section 11007, Code of 1924, that an action "for

relief on the ground of fraud in cases heretofore solely cogniz-
able in a court of chancery, and all other actions not otherwise
provided for in this respect,'' shall be commenced within five
years.

It is further provided in Section 11010, Code of 1924, that:

''In actions for relief on the ground of fraud * * * the
cause of action shall not be deemed to have accrued until the
fraud * * * complained of shall have been discovered by the
party aggrieved.''

This latter section has been the subject of frequent judi-
cial comment in this court, from the early case of *Relf v. Eberly*,
23 Iowa 467, to the latest pronouncement, in *Pullan v. Struth-
ers*, 201 Iowa ——.

It has been uniformly held that the true test of the appli-
cability of this statute, Section 11010, to pleaded facts is whether
a court of equity, before the enactment of the statute, had ex-
clusive jurisdiction to grant the relief prayed. See Section
10941, Code of 1924; *Hawley v. Exchange St. Bank*, 97 Iowa
187. When the fraud is not of that character, and plaintiff's
remedy is concurrent, the exception defined in Section 11010
does not apply. The general rule is that, if courts of equity
have jurisdiction to relieve in cases of fraud, as far as the law
affords relief, the jurisdiction is concurrent. *Dickinson v. Ste-
venson*, 142 Iowa 567.

Is the relief concurrent in the case at bar? If yea, then
the statute of limitation commenced to run from the time of
the commission of the alleged fraud. If the relief on account
of the pleaded fraud was heretofore solely cognizable in equity,
then the statute commenced to run from the time the fraud was
discovered, or might by the use of diligence have been dis-
covered.

Clearly, the action sounds in damages based on deceit, and
it is not a cause of which chancery has exclusive jurisdiction.
Wherefore, Section 11010 is not applicable. See *McKay v. Mc-
Carthy*, 146 Iowa 546; *District Township of Boomer v. French*,
40 Iowa 601.

The only relief in the case at bar which could be granted,
and which would be solely cognizable in equity, is the cancella-
tion of the stipulation of settlement of July 5, 1909, and the

setting aside of the contract of January 1, 1909. The cause or causes of action are not bottomed on this theory. If there was fraud and misrepresentation, the plaintiff had his cause of action to recover the amount due, which relief ordinarily is granted at law, but of which equity also could have jurisdiction. The remedy was, therefore, concurrent.

As heretofore stated, there is no allegation to the effect that the plaintiff was prevented from discovering the alleged fraud by the fraudulent acts of the defendants, or by concealment, or that plaintiff used reasonable diligence to discover the fraud. There is nothing pleaded to toll the statute. The correct rule is stated in *Gamet v. Haas,* 165 Iowa 565:

"To recover, then, the burden of proof was on the plaintiff to show that he was induced by fraud to purchase of defendant [corporate stock] * * * to his damage, and that defendant by fraudulent concealment prevented him from obtaining knowledge thereof, so that the cause of action was not discovered, and might not have been by the exercise of ordinary diligence, until five years prior to the beginning of this action."

See, also, *Birks v. McNeill,* 185 Iowa 1123.

The prayer of plaintiff for an accounting is not exclusively equitable. *Brown v. Conway,* 201 Iowa 117. Plaintiff does undertake to avoid the requirement as to the necessity of allegation of being prevented from discovering the fraud or fraudulent acts or concealment of the defendants, by stating in argument that the contract sued on is a trust agreement. It was incumbent upon the plaintiff to allege with certainty the acts relied upon to show the existence of a trust. *Brace v. Reid,* 3 G. Greene 422; *Claussen v. Lafrenz,* 4 G. Greene 224.

We find nothing in the pleaded contract on which the claimed trust relationship may be based, nor does the agreement disclose a partnership relation. In brief, there is no fiduciary relationship. The royalties contemplated in the contract were not dependent upon any profits realized from the business, but were based upon "gross sales or accepted orders." There is nothing in the pleadings which would impose upon the plaintiff a liability for any loss, if the venture so resulted.

Some reliance is placed on the pleaded facts that the defendants were bound to make a truthful report as to the amount

of royalties due the plaintiff. This is not a controlling consideration on the point in issue. It is not equivalent to an allegation of fraudulent concealment. For the reasons stated, the ruling of the trial court is—*Affirmed.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.