LENA M. CHANDLER FULTON, Appellee, v. L. B. McCULLOUGH et ux., Appellants.

No. 46210.

F EBRUARY 16, 1943.

H. Pierce Witmer, of Des Moines, for appellants.

Devitt, Eichhorn & Devitt, of Oskaloosa, for appellee.

O LIVER , J.— In 1927, appellee, a resident of Des Moines, conveyed to appellant L. B. McCullough, a two-thirds interest in a 42.056-acre farm in Mahaska county, Iowa, for a stated consideration of one dollar and other valuable consideration. Immediately thereafter appellants, L. B. and Lucy McCullough, husband and wife, executed and delivered to appellee their warranty deed for the same interest in said real estate, for a stated consideration of one dollar and other valuable consideration. This deed was not acknowledged and the spaces for the name of the grantee were left blank.

As a reason for her conveyance to Mr. McCullough, appellee testified he suggested he would take care of the farm for her and she thought he could do so better than she could. Another reason was that she had been threatened with suit by a

third party and did not want anything against that property. Subsequently, a judgment was procured against her by said third party. This was satisfied in 1937. Appellee and Charles McKinley, the owner of the other one-third interest in the land, testified Mr. McCullough took care of the land for appellee and Mr. McKinley from 1927 to 1940, periodically delivering to appellee the rentals collected, minus operating expenses and his charges for management. Appellee kept an itemized book account of the transactions, paid one third of the net to Mr. McKinley and retained two thirds. Some of the book entries reciting payments of income to appellee and Mr. McKinley were in Mr. McCullough's handwriting. This course of dealings continued until April 1940. Appellee testified she then discovered appellants had not acknowledged their deed; that she asked Mr. McCullough to have this done and he refused, denied her right to the property, said conditions had changed, he needed the money and appellee did not. At about this time Mr. McCullough told Mr. McKinley appellee had no interest in the property and thereafter McCullough retained two thirds and paid direct to McKinley the latter's one-third share of the net proceeds.

Mr. McCullough testified the deed to him was in the nature of a gift to his wife and her sister, also that the "other consideration" stated therein was "taking care of some of her business in 1933," six years later. As to Exhibit B, the deed from the McCulloughs upon which this action is based, Mr. McCullough admitted his signature thereto and testified, "I don't recall anything about that deed. * * * I don't know anything about Exhibit 'B'." His other testimony was largely a denial of the testimony of appellee and Mr. McKinley.

I. We are satisfied the facts are substantially as detailed by appellee and Mr. McKinley. The trial court apparently so found. Appellants rely upon certain legal propositions and do not seriously contend the record warrants a contrary factual finding.

II. Appellants assert appellee made the conveyance to Mr. McCullough to place the property beyond reach of her creditors. They refer to the maxim, he who comes into equity must come with clean hands, and cognate maxims, and rely upon the re-

sulting rule that a conveyance of real property, fraudulent as to creditors, passes title to the grantee and (with certain exceptions) equity will not enforce a reconveyance or a secret trust in favor of the grantor. Among authorities cited by appellants are: Holliday v. Holliday, 10 Iowa 200; Stephens v. The Heirs of Harrow, 26 Iowa 458; Weir v. Day, 57 Iowa 84, 10 N. W. 304; Briggs v. Coffin, 91 Iowa 329, 59 N. W. 259.

We are not in disagreement with the rule or the cited cases. But, in this case, they are not in point. It may be assumed, without so deciding, that appellee's deed to Mr. McCullough was fraudulent as to creditors. However, she does not seek to enforce a reconveyance or establish a trust under that deed. This action to quiet title is based upon the deed of reconveyance executed by appellants and delivered to appellee.

McCrum v. McCrum, 127 Iowa 540, 541, 103 N. W. 771, was an action by a wife to set aside her deed reconveying to her husband property previously deeded to her. In defense the husband pleaded his conveyance to his wife was in fraud of a creditor and that the deed reconveying the property to the husband was made at the same time. The court said:

"Of course, the defendant cannot plead his own fraud for the purpose of defeating his original conveyance to his wife, the plaintiff. This conveyance was good as to every one save the creditors who were defrauded thereby, and defendant cannot show fraud for the purpose of defeating it. But the part of the answer which was attacked was broader than this. It shows a deed made by the plaintiff back to the defendant of the land deeded to her in fraud of her husband's creditor, and an agreement that it should be recorded as soon as the object of the prior conveyance had been accomplished. An actual delivery of this deed of reconveyance is alleged, and a recordation thereof pursuant to the prior agreement. Such facts, if established, show an actual delivery of the deed from plaintiff to defendant; and, while fraud is alleged, the defendant is not relying thereon, and is not compelled to establish it in order to maintain his defense. These allegations of fraud were for the purpose of showing a consideration for the deed from plaintiff to defendant. She was, according to the recitations of the answer, under a moral obligation to reconvey; and, having done so, she cannot

now invoke the aid of a court of equity to cancel or set aside her deed.''

In Johnston v. Jickling, 141 Iowa 444, 451, 119 N. W. 746, 748, the court said:

''But the action before us is brought by the wife of the so-called fraudulent grantee who has reconveyed the land to his grantor, or to another by his direction; and defendants are not bound to prove the fraud in order to establish their defense. * * * They do not have to rely upon the alleged fraud in order to defeat plaintiff's action. * * * while as between the parties a fraudulent conveyance is good and can not be set aside except at the suit of creditors, the parties themselves may by reconveyance purge the transaction of the fraud, and, unless one be in privity to the conveyance, he can not complain.''

Renne v. Tumbleson, 227 Iowa 159, 287 N. W. 839, follows the foregoing doctrine.

The text in 24 Am. Jur. 295, section 160, states:

''Although the transferee will not be compelled to return the property to the transferrer, the former may voluntarily restore it to the latter, in which event the legal title and equitable ownership become reunited in the transferrer. As against the transferee, the reconveyance is valid and effectual.''

See case note in 89 A. L. R. 1168.

27 C. J. 658, section 429, thus states the doctrine:

''While a fraudulent grantee is under no legal obligation to reconvey, it is said that he is under a moral obligation to do so, and all subsequent acts done by him in execution of this duty should be favorably considered in equity, the moral obligation being a valuable and sufficient consideration for a reconveyance. If in fulfillment of his moral obligation he makes a reconveyance, such act will be binding on him, and if the rights of no innocent third person have intervened, the fraudulent grantor will become revested both in law and in equity with the title previously conveyed to his grantee; and the grantee will be estopped from thereafter setting up any claim to the property; * * * .''

Under the foregoing doctrine the rule contended for by appellants is not here applicable.

III. Appellant L. B. McCullough evidently thought the deed reconveying the property to appellee was invalid because the signatures thereto were not acknowledged. He was in error on this point and counsel make no claim for it. Slattery v. Slattery, 120 Iowa 717, 95 N. W. 201.

However, it is contended the deed was invalid because the spaces for the name of the grantee were left blank. The law in this state is settled that the equitable title to real estate passes by the delivery of a deed, blank as to the name of the grantee, to a purchaser for a valid consideration. Gilbert v. Plowman, 218 Iowa 1345, 1348, 256 N. W. 746, 747; Liljedahl v. Glassgow, 190 Iowa 827, 829, 180 N. W. 870, 871; Gilmore v. Shearer, 197 Iowa 506, 508, 197 N. W. 631, 632, 32 A. L. R. 733; Golden v. Bilbo, 192 Iowa 319, 322, 184 N. W. 643, 644; Logan v. Miller, 106 Iowa 511, 76 N. W. 1005.

Appellants contend appellee was not a purchaser "for a valid consideration" so as to bring the deed to her within the foregoing rule. They assert her deed to Mr. McCullough was in fraud of her creditors. From this they conclude there was no valid consideration for their deed of reconveyance. With this conclusion we do not agree. The moral obligation of a fraudulent grantee to reconvey constitutes a valuable and sufficient consideration for a reconveyance. See quotations from McCrum v. McCrum, 127 Iowa 540, 103 N. W. 771, and 27 C. J. 658, set out in the preceding division hereof. Under the circumstances of this case, the delivery to appellee of the deed with the name of the grantee not inserted conveyed to her the equitable title to the real estate with the right to insert her name as grantee therein. She could maintain this action, based on said deed, without having first made such insertion.

IV. Appellants also set up the statute of limitations and laches as a bar to the action. See section 11007 (6) Code of Iowa 1939. They assert the statute started to run when they delivered the deed to appellee. We hold to the contrary. The deed was not invalid on its face. No rights of third parties are involved. Appellants recognized appellee's equitable title

to and possession of the property for many years. They first denied her title and right to possession in April 1940. Until that denial and constructive ouster appellee was not called upon to take action.

One in possession of real estate may wait until his possession is disturbed or his title is attacked before taking steps to vindicate his right. Dwight v. City of Des Moines, 174 Iowa 178, 187, 156 N. W. 336, 340; Mead v. Illinois Cent. R. Co., 112 Iowa 291, 295, 83 N. W. 979, 980; 44 Am. Jur. 47. This suit was instituted in October 1940. It was timely.

Counsel for appellee filed no brief and made no oral argument in this court. Perhaps there was proper reason for such omission. The case concerns property of substantial value. Several questions of law are involved. The expense of presenting a brief would have been small. It would seem an effort to do this would have been justified.

From the abstract of record it appears the decree quiets title in appellee to all of the 42.056 acres instead of a two-thirds interest therein. If this is an error in the decree, it may be corrected in the trial court.—Affirmed.

All JUSTICES concur.