JOSEPH B. WAGNER et ux., Appellants, v. HARRY WAGNER et al., Appellees.

No. 47465.

(Reported in 38 N. W. 2d 609)

1114

August 5, 1949.

C. B. Hextell, Earl Gritton and Don Beving, all of Des Moines, for appellants.

Maxwell O'Brien (Parrish, Guthrie, Colflesh & O'Brien), of Des Moines, for appellees.

OLIVER, J.—Plaintiffs are husband and wife. They instituted this action in 1948 to set aside two connected instruments executed January 25, 1936, and recorded January 31, 1936. One instrument is a deed by both plaintiffs conveying to the defendant Harry Wagner the one-hundred-fourteen-acre farm owned by plaintiff Joseph B. Wagner and occupied by plaintiffs, subject to an estate "for my lifetime". The other is a trust agreement executed by plaintiff Joseph B. Wagner (alone) and defendants Harry Wagner and E. C. Newell, trustees, in which Joseph transfers to the trustees all his personal property and directs the handling and disposition by the trustees of the farm and personal property.

The petition alleges plaintiffs have been in possession of the farm for more than fifty years; that, in 1936, plaintiff Jóseph B. Wagner and defendants Harry Wagner and LeRoy Wagner, together consulted defendant Newell to obtain "legal advice as to how to keep Mary Wagner, the then wife of LeRoy Wagner, from making a judgment, which she either had or was about to obtain against LeRoy Wagner, a lien upon plaintiffs' property in the event of the death of Joseph B. Wagner", who was then seventy-eight years old, "and as a result of said conference" Newell prepared and the parties executed the trust agreement here in controversy.

The trust agreement states in part: Joseph B. Wagner transfers to the trustees all his personal property, "title to vest immediately", including farm equipment, machinery, animals, fowls, motor car, and grain stored and to be raised on the farm during the life of Joseph Wagner. The trustees are directed to apply the income from the sales of grain and produce to taxes, interest etc. and pay over such sums as shall be necessary to maintain Joseph and his wife during his life, and upon his death to sell the personalty and sell or lease the farm: one third of the net cash to be paid Joseph's widow, one third to Harry Wagner and one third to the use of LeRoy Wagner and his two sons, Raymond and Gerald, "the times and amounts of said payments shall be in the sole discretion of said trustees. * * * Under no circumstances are said trustees to apply to any account or claim of Mary Wagner, former wife of said LeRoy Wagner, any part of said money."

The petition alleges Ida Wagner had no opportunity to read the deed, did not know what she was signing and plaintiffs did not know they had signed a deed conveying the farm to Harry Wagner until shortly before the suit was instituted; that Harry Wagner never took possession of the farm or exercised any right of ownership over it; that the deed is a fraud upon Ida Wagner in that it deprives her of her dower right and her homestead right; that Ida never saw the trust agreement until recently; that, before its execution, it was not read by or to Joseph B. Wagner whose eyesight was then failing;

that because thereof an actual fraud was perpetrated upon plaintiffs, etc.

Defendant Harry Wagner filed a motion to dismiss. Defendant Newell joined in and adopted the motion. It asserts the petition shows plaintiffs' right to recover is barred by (a) the statute of limitations (b) the "clean hands" maxim, and (c) estoppel. The motion was sustained generally. Hence each ground will be here considered. The sufficiency of the petition in other respects is not before us.

I. In hearing the motion, the court, over plaintiffs' objections, permitted defendants to introduce evidence tending to show various details of the litigation between LeRoy Wagner and Mary Wagner. This procedure was incorrect. The motion to dismiss cannot be aided by extrinsic evidence not appearing on the face of the petition. Johanik v. Des Moines Drug Co., 235 Iowa 679, 681, 17 N. W. 2d 385; Betz v. City of Sioux City, 239 Iowa 95, 103, 104, 30 N. W. 2d 778, 782. The evidence will not be considered upon this appeal.

II. Does the petition show the action was barred by the statute of limitations? Subsection 5 of section 614.1, Code of Iowa 1946, provides actions brought for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery may be brought within five years after their causes accrue. Section 614.4 provides in actions for relief on the ground of fraud, mistake etc., the cause of action shall not be deemed to have accrued until the fraud, mistake or trespass shall have been discovered by the party aggrieved. The petition alleges plaintiffs did not learn the contents of the instruments until shortly before the suit was instituted. It appears they were filed for record in 1936. The question here is whether this gave plaintiffs constructive notice of the contents of the instruments so as to start the running of the statute of limitations at that time. We hold it did not. This proposition was decided in Pels v. Stevens, 187 Iowa 443, 462, 173 N. W. 56, 63, in which the court stated:

"The filing of the deed for record did not charge the plaintiff with the notice essential to start the statute of limitations against him * * *. It is not the purpose of the recording act

to charge the immediate parties with constructive notice of the precise contents of the instrument they execute, but to notify subsequent purchasers and incumbrancers of the rights such instruments are intended to secure. Therefore, it cannot be said that the action was not commenced within the time limit of the statute."

Winker v. Tiefenthaler, 225 Iowa 180, 186, 279 N. W. 436, follows the holding in the Pels case. Although some of our earlier decisions apparently do not recognize this rule, we believe it sound and reaffirm it. For decisions upon the general proposition of public records as constructive notice in actions predicated upon fraudulent misrepresentations or concealment, see annotation in 152 A. L. R. 461 to 480.

Another reason why it appears the action was not barred by the statute of limitations is that it is alleged that plaintiffs remained in possession of the property and Harry Wagner did not attempt to exercise any right of. ownership over it. As a general rule the statute of limitations does not run against one in possession of land. 34 Am. Jur., Limitation of Actions, section 381. Fulton v. McCullough, 232 Iowa 1220, 1226, 7 N. W. 2d 910, 913, states: "One in possession of real estate may wait until his possession is disturbed or his title is attacked before taking steps to vindicate his right."

III. Ground (b) of the motion is that plaintiffs are not entitled to relief because they do not come into this court of equity with clean hands, the allegations of the petition showing they were parties to a fraud consummated by the execution of the deed and trust agreement. The contention is that it was a wrongful agreement to defeat the rights of Mary Wagner, wife of LeRoy Wagner, under a judgment.

The language of the petition warrants the inference that LeRoy is an expectant heir at law of Joseph (in oral argument it was stated LeRoy is Joseph's son) and that one purpose of the instruments was to place beyond the reach of the judgment the share of Joseph's farm and .other property which LeRoy would have inherited had Joseph predeceased him and died intestate. We have frequently held a parent may properly adopt such a course. The reasons generally given are that the parent

owed no duty, legal or moral, to provide for the debts of his child, had a right to dispose of his own estate as he would and to place property in trust for the very purpose of enabling the trustee to support an improvident child and prevent creditors of the child from appropriating the benefaction. Roorda v. Roorda, 230 Iowa 1103, 300 N. W. 294; Kiffner v. Kiffner, 185 Iowa 1064, 1066, 171 N. W. 590; Jones v. Coon, 229 Iowa 756, 295 N. W. 162; In re Estate of Roberts, 240 Iowa 160, 35 N. W. 2d 756. It may be observed LeRoy's sons as well as LeRoy are named as beneficiaries in the trust of one third of the net cash, the times and amounts of payments to be "in the sole discretion of said trustees." We hold the petition was not vulnerable to the attack based upon the "clean hands" maxim.

Nor would the result of the holding be changed, if it be assumed, as stated by defendants, that the judgment of Mary Wagner was for alimony and child support. Roorda v. Roorda, supra, and Kiffner v. Kiffner, supra.

The estoppel asserted in ground (c) of the motion was based upon the theory plaintiffs' conduct in executing the instruments was wrongful. The holding in this division disposes of that ground of the motion.

The cause is reversed and remanded with instructions to overrule the motion to dismiss and reinstate the case.—Reversed and remanded.

All JUSTICES concur except MANTZ, J., not sitting.