Paul S. **KURTZ**, Plaintiff-Appellant,

v.

Henry J. **TREPP**, Defendant-Appellee.

No. 84–1132.

Court of Appeals of Iowa.

Aug. 29, 1985.

James F. Whalen of Dunbar, Dunbar & Whalen, Waterloo, for plaintiff-appellant.

Bruce B. Zager of McCrindle, Bergstrom & Sindlinger, P.C., Cedar Falls, for defendant-appellee.

Considered by OXBERGER, C.J., and SNELL, and HAYDEN, JJ.

OXBERGER, Chief Judge.

The trial court below granted the defendant's motion for a summary judgment and the plaintiff has appealed. We reverse and remand.

In reviewing a grant of summary judgment, we look at the record in the light most favorable to the party opposing the motion. *Barnhill v. Davis,* 300 N.W.2d 104, 105 (Iowa 1981). The plaintiff here is granted every legitimate inference that reasonably can be made from the evidence. *Knapp v. Simmons,* 345 N.W.2d 118, 121 (Iowa 1984). Pursuant to Iowa Rule of Civil Procedure 237(c), the motion is granted if the pleadings, other facts available in the record, and the affidavits filed by the parties show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The burden is on the movant to show the undisputed facts indicate no genuine issue exists, and summary judgment is not available where reasonable minds might draw different inferences from those facts. *Tasco, Inc. v. Winkel,* 281 N.W.2d 280, 282 (Iowa 1979).

The court below granted summary judgment, determining that the statute of limitations prevented the plaintiff from pursuing his claim.

The plaintiff, Paul Kurtz, asked the defendant, Henry Trepp to form a partnership with him in order to purchase potential investment property in Waterloo. The parties agreed they would own the rental property equally and manage it jointly. Plaintiff says he contributed his $3000 real estate commission and defendant assigned an interest in other property he owned, worth about $3000. The parties also agree to incorporate. Plaintiff and defendant were each named directors of T and K Land, Inc., which was properly incorporated in July 1971.

A disagreement arose between the parties in 1972 or 1973 concerning management of the property. Trepp alleges Kurtz was not fulfilling his obligation regarding management and accounting of the property and said as a result the corporation had not kept current with contract payments on the property. The articles of incorporation had also lapsed because reports were not filed. Kurtz says Trepp did not contribute his fair share of time in the operation. In

September 1973 Trepp took over management of the property. In 1974 Kurtz suggested Trepp buy him out or that they sell the property and split up. When Trepp refused, Kurtz says he retained attorney George Lindeman to assist him. After November of 1974 there was no direct communication between the parties and all contacts occurred between their attorneys. During the negotiations, Trepp demanded an accounting from Kurtz, who provided him with figures which Trepp said were unsatisfactory. January 10, 1975, Trepp's attorney wrote a letter to Kurtz's attorney informing him that in order to protect his investment in the property he felt no further obligation to Kurtz and would take such actions as were necessary to protect his interests. Kurtz says his attorney told him that since the contract was in the name of the corporation, Trepp's only action would be to bring a lawsuit which Kurtz could defend. On this advice, Kurtz says he did nothing until 1981. Rather than bringing a lawsuit, Trepp reinstated the corporation as T and K Lands, changed the registered agent, issued stock to himself only, changed the corporate name to Sunny Hills, Ltd., and then caused the corporation to assign its interest in property to himself.

The application for reinstatement was filed January 1975, and articles of amendment changing the name of the corporation filed June 1975. The real estate contract was assigned from Sunny Hills, Ltd. to the defendant July 1, 1975.

This action was commenced by plaintiff June 25, 1981, after he discovered the conveyance of the property. He alleges three counts in his petition: Count I, referring to breach of the oral contract between the parties and for an accounting; Count II for breach of fiduciary duty in failing to issue stock to the plaintiff, failing to account or distribute the assets equally; and Count III alleging fraud and waste and also demanding an accounting.

The court determined that the assignment of the contract was filed July 22, 1975, and that this gave the plaintiff constructive notice of the action and began the running of the statute of limitations. Since the statute of limitations on an action based on an unwritten contract is five years pursuant to section 614.1(4) of the Code, and the action was brought five years and eleven months after the recording, it granted summary judgment.

The key issue in this case is whether the doctrine of fraudulent concealment applies.

■ In section 614.4 of the Code, when fraud is alleged, as in Count III of plaintiff's petition, the discovery rule applies. However, this rule applies only where the action was recognized at common law in equity along; when the action is at law for fraud and damages alone are sought, the discovery rule does not apply. *Pride v. Peterson*, 173 N.W.2d 549, 555 (1970) (numerous cases cited); *Cole v. Hartford Accident & Indemnity Co.*, 242 Iowa 416, 425, 46 N.W.2d 811, 816 (1951). The plaintiff concedes Counts I and II are not the type which would have been brought solely in equity. Defendant says an action for accounting, as alleged in Count III, has been held also to be an action not cognizable in equity alone and the discovery rule does not apply. *Benedict v. Hall*, 201 Iowa 488, 491–92, 207 N.W. 606, 607 (1926).

■ However, plaintiff responds by claiming that the doctrine of fraudulent concealment applies to his case. This doctrine was fully discussed at *Pride v. Peterson* and requires the person relying on the doctrine to show: (1) an affirmative action by the defendant to conceal the cause of action; and (2) that the plaintiff exercised diligence in discovering his cause of action. *Pride*, at 555. When proven, the statute of limitations tolls until discovery of the cause of action. *Id.*

■ We initially must determine whether, as defendant claims, plaintiff has waived the issue by not mentioning it prior to the appeal. Plaintiff discussed at length in his resistance facts which would raise the question. The court considers the entire record, including the affidavits filed. Iowa R.Civ.P. 237(c). In *Pride*, the court found mention of facts by plaintiff indicat-

ing defendant had prevented her from discovering the cause of action was sufficient to raise the question. *Pride*, at 555. We find the question was sufficiently raised.

■ Defendant then claims the doctrine can apply only to Count III and not the first two counts of plaintiff's petition. The doctrine has been recognized "although the action is not based on fraud." 54 C.J.S. *Limitation of Actions* § 206(b) (1948); *see also, Ogg v. Robb*, 181 Iowa 145, 162 N.W. 217 (1917) (where court discussed the doctrine in a tort negligence case). Further, "We have applied it in legal and equitable actions." *Pride*, at 555. Therefore, the doctrine, if proven, may apply to Kurtz's entire petition.

■ In looking at the merits of Kurtz's claim, he agrees that ordinarily he must prove an affirmative act on the part of Trepp to conceal the cause of action. *Pride*, at 555. However, such proof is not necessary where a fiduciary relationship exists between the parties. *Id.* In that case, silence on the part of defendant alone is enough to prove the first requirement of the doctrine. *Id.; Higbee v. Walsh*, 229 Iowa 408, 423, 294 N.W. 597, 605 (1940).

■ A fiduciary relationship exists between directors of a corporation. *Holi-Rest Inc. v. Teloar*, 217 N.W.2d 517, 525 (Iowa 1974). A fiduciary relationship also exists between joint venturers, such as partners. *Blake v. Huffman*, 248 Iowa 938, 946, 83 N.W.2d 460, 464 (1957).

■ Trepp says there is no fiduciary relationship here, since after November 1974 each party was represented by counsel. He further argues the January 1975 letter from his counsel to Kurtz's counsel that he felt "no further obligation to Mr. Kurtz" put Kurtz on notice the relationship was over. This, Trepp continues, is a repudiation of the relationship, just as a trust agreement was repudiated in another case when the assets of the trust were transferred. *Grand Lodge of Iowa of Independent Order of Odd Fellows v. Osceola Lodge No. Eighteen, Independent Order of Odd Fellows*, 178 N.W.2d 362, 370 (Iowa 1970).

In *Grand Lodge*, the court discussed repudiation:

On the same subject 54 C.J.S. Limitations of Actions 182(3), pages 171–172, states: "In order to constitute a repudiation there must be something said or done by the trustee *in open contravention* of the terms of the trust, and of such character that the relations of the parties will become and continue hostile. The declarations of repudiation must be continuous and consistent, and the circumstances attending the adverse claim or user must be such that the trustee is liable to be sued...."

*Id.* at 369 (emphasis added). The court emphasizes there must be "an open and known repudiation." *Id.* We find *Grand Lodge* distinguishable from the fact situation here, where any repudiation was not "open and known." Trepp's vague statement that he no longer felt an obligation to Kurtz can hardly rise to the level of repudiation in *Grand Lodge*, where the beneficiary was aware the trust assets had been transferred.

Other jurisdictions have unequivocally stated that one party cannot unilaterally end the fiduciary relationship of a partnership to the detriment of the other party. *Yoder v. Hooper*, 695 P2d. 1182, 1187 (Colo.App.1984). It has been noted that because a corporation is more formally created and liability to the individuals is protected, a corporation is more difficult to dissolve than a partnership. Hillman, *The Dissatisfied Participant in the Solvent Business Venture: A Consideration of the Relative Permanence of Partnerships and Close Corporations*, 67 Minn.L.Rev. 1, 68 (1982).

If a corporation is canceled for failure to comply with filing annual reports, the corporation carries on its business to wind up its affairs. Iowa Code § 496A.130 (1985). In fact, however, Trepp reinstated the corporation and it was in existence at the time of the alleged improper acts. We cannot agree that a party can unilaterally end

such a fiduciary relationship, and find the relationship existed. Therefore, silence by Trepp was sufficient to satisfy the first requirement of the doctrine.

The diligence requirement is also greatly relaxed when a fiduciary relationship between the parties is established. *Higbee*, 229 Iowa, at 423, 294 N.W. at 605; 54 C.J.S. *Limitations of Actions* § 206(d) n. 56 (1948). Both plaintiff and his attorney indicated in their affidavits they were unaware Trepp was taking action with the corporation and its asset without the approval of its other director. Kurtz had no reason to believe that he should regularly check the filings at the Secretary of State's Office or Recorder's Office. Further, we agree with plaintiff that assignment of the contract to defendant was not sufficient to confer knowledge upon Kurtz. The purpose of our recording act is not to charge the immediate parties with constructive notice of instrument executed, "but to notify subsequent purchasers and incumbrancers of the rights such instruments are intended to secure." *Wagner v. Wagner*, 240 Iowa 1113, 1116–17, 38 N.W.2d 609, 610 (1949).

We are satisfied that plaintiff has proven the two prongs of the fraudulent concealment doctrine, based on the existence of the fiduciary relationship. Accordingly, the statute of limitations tolls until the discovery of the cause of action. The discovery occurred in 1981 and the suit was brought June 25, 1981. Therefore, we reverse the trial court's determination that summary judgment is warranted on the grounds of the application of the statute of limitations and remand to reinstate the action.

REVERSED AND REMANDED.